*A. P. Gould & Henry Farrington*, for the plaintiffs.

*S. S. Marble*, for the defendants.

———————◇———————

CHARLES C. LINSCOTT *vs.* SAMUEL H. FULLER.

Trespass *quare clausum fregit* is to be regarded as a personal action, and it may be commenced by trustee process.

ON REPORT.

ASSUMPSIT. Writ dated May 22, 1867. The defendant was summoned as trustee of this plaintiff, on May 18, 1867, in an action of trespass *quare clausum*, brought in the name of *Nathaniel Bryant, Jr.*, et als. v. *Charles C. Linscott & Samuel H. Fuller*, trustee.

This defendant contended that this action should be continued to await the result in the action of trespass, under the provisions of R. S. of 1857, c. 86, § 56 ; but the presiding judge otherwise ordered, and ruled that an action of trespass *quare clausum* could not be commenced by trustee process. Thereupon the case was reported to the full court with the agreement that if the ruling was not correct, the action to stand for trial.

· *A. P. Gould*, for the plaintiff.

The ruling was correct. The trustee process must be brought in the trustee's county. R. S., c. 86, § 5. Trespass *quare clausum* is, and has always been, local. The novelty of the case is against it. 2 Denio, 609. Trespass *quare clausum* is not a personal action

within the meaning of R. S., c. 86, § 1. The title to real estate is involved. The gist is the breach of the plaintiff's close. It has always been regarded as a real action in this State. *Burnham* v. *Ross*, 47 Maine, 456, 460. Massachusetts courts classed actions involving title to real estate as real actions. *Blood* v. *Kemp*, 4 Pick. 169, 172. *Davis* v. *Mason*, 4 Pick. 156, 158. *Plympton* v. *Baker*, 10 Pick. 475. Massachusetts statutes, at time of separation, regarded trespass *quare clausum* as a real action. Our statute took same view. The excepted cases in c. 86, § 1, indicate the intention to exclude all actions local in their nature, by common law, or by statute. The statute assumes that trespass on lands was not in its nature personal, and did not enumerate actions involving title to real estate, such as waste; trespass for treble damages against a tenant in common for committing waste; actions for *mesne profits;* waste pending real action; malicious mischief to the realty; and nuisance. Waste is not regarded as personal. 1 Chit. Pl. 125. Trespass is generally classed with real or mixed actions. Tomlin's Law Dict., " Action." The term " personal actions " is not used in the statute in its technical sense, but in the general and popular sense, of injuries to the person or personal property; otherwise the statute classification would be absurd. Assault and battery is excluded, because of the uncertainty as to the amount which it would be reasonable to stop in the hands of the trustee during litigation. Same reason applies in trespass on lands. Interests of public and suitors require a construction that shall not compel an owner of real estate to go into remote county to defend his title. If trespass on lands was intended to be embraced in c. 86, § 1, it would have been excepted in § 5 as to the *venue.* When the injury to lands is less than twenty dollars, it is clear the legislature did not intend to interfere with the common-law rule. R. S., c. 83, § 1. *Burnham* v. *Ross, ubi supra.* If the injury exceeds that amount, the construction contended for by the defendant will authorize the action to be brought in a county remote from the *locus in quo* by rustee process.

*J. H. Converse,* for the defendant.

APPLETON, C. J.   By R. S., 1857, c. 86, § 1, "all personal actions except those of detinue, replevin, actions on the case for a malicious prosecution, for slandering by writing and speaking, and for assault and battery, may be commenced by trustee process," &c.   Is trespass *quare clausum fregit* a personal action ?

"Actions are divided into real, personal, and mixed.   Real actions are those brought for specific recovery of land, tenements, and hereditaments.   Personal, are those brought for specific recovery of goods and chattels, or for damages or other redress ; for breach of contract or other injuries, of whatever description ; the specific recovery of lands, tenements, and hereditaments, only excepted.   Mixed, are such as appertain in some degree to both ; are properly reducible to neither of them, being brought both for specific recovery of lands, tenements, and hereditaments, and for damages for injury sustained in respect of such property."   1 Pet. Abr., 170.   "Actions may be personal," remarks Parke, B., in *Attorney-general* v. *Churchill,* 8 Mees. & Welsb. 191, "as contradistinguished from real and mixed. The first being actions against persons only, for damages ; the second for the recovery of real estate ; the third for both."   "Actions are either real or personal, according as the thing to be recovered is either real or personal."   1 Bac. Abr., Action A.   Personal actions are such whereby a man claims a debt or personal duty or damages in lieu thereof ; and, likewise, whereby a man claims a satisfaction in damages for some injury done to his person or property. 3 Bl. Com. 117.   "For an action," observes Willes, C. J., in *Eaton* v. *Southby,* Willes, 134, "is either real or personal, according as the thing to be recovered by the action is real or personal ; and as nothing that is real can be recovered by an action of replevin, be the recovery what it will, it cannot be considered as a real action.   If the nature of the defense would make a difference, actions of trespass wherein the title of the land is brought in question, and actions of debt for rent, wherein the title to land might come in question, nay, even actions of debt on a bond, against an heir, where *riens per descent* is pleaded, must be considered as real actions, which yet would be most absurd."

Trespass *quare clausum* is not a real action; because damages only, and not the realty are recovered.

"Some actions are mixed in the realty and in the personalty; as an action of waste sued against tenant for life; this action is in the realtie, because the place wasted shall bee recovered; and also in the personaltie, because treble damages shall bee recovered for the wrongful waste done by the tenant; and therefore in this action a release of actions reals is a good plea in barre, and so is a release of actions personals." Co. Lit. § 492. To the same effect in the law as laid down by Blackstone in his Commentaries, 3 Vol. 118.

Trespass *quare clausum* is not a mixed action; because damages only are recovered, and not damages and the realty.

In *Davis* v. *Jones*, 4 B. & P., 268, it was held that an action of covenant for not levying a fine was a personal action within the meaning of 13 Geo., 3, c. 51, § 1. "It seems to me," remarks Mansfield, C. J., "that we are called upon to decide whether the words 'other personal action' used in the statute are introduced idly, or whether they have some meaning annexed to them. Is it possible to entertain a doubt that they were meant to include every personal action in which a debt or damage could be recovered?"

By R. S., c. 95, § 14, in case of waste or trespass committed on land "all or any of the tenants in common, coparceners, or joint tenants may join or sever in personal actions for injuries done thereto," &c.

It follows, that trespass *quare clausum fregit* is to be regarded as a personal action, and may be commenced by trustee process. Indeed, no very good reason is perceived why one upon whose lands a trespass has been committed, may not as well secure the damages to be recovered by an attachment by trustee process, as if the trespass was committed on his specific goods and chattels.

Unless the trustee, or if many, one of them, resides in the county in which the trespass is committed, as trespass *quare clausum fregit* is local, it may be a question whether the action can be maintained. R. S., c. 86, § 5. *The action to stand for trial.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.