## CHARLES F. BRYANT *vs.* WARREN SPARROW.

*Trespass quare clausum by a tenant against his landlord. Construction of lease.*

Where a lessor covenants that, in connection with the demised premises, and without payment of any additional rent, the lessee may use, occupy and improve an adjacent lot for a specified purpose, excepting only such portions as the lessor may sell or use for building, which sale or use is to terminate the lessee's right to such additional privilege; the tenant's possession of the adjacent lot, if it has been taken and improved by him for the purpose specified, is sufficient to enable him to maintain trespass *quare clausum* against his landlord for an entry thereon, not made for the purposes of sale or building, and for any unlawful infringement of the lessee's right of occupancy of said lot.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL, by the defendant because the verdict for the plaintiff was rendered against law and evidence, and for an excessive amount, $400. The action was trespass *quare clausum*, instituted by a lessee against his lessor for an entry upon and injury to premises, to the use of which the former had a right under a covenant in his lease. Upon the twenty-fifth day of May, 1865, Mr. Sparrow executed and delivered a lease to Mr. Bryant of the premises in Westbrook on the road to Woodford's Corner, known as "Elmwood Nursery," described particularly by bounds, in the instrument, which then proceeded thus: "To hold for the term of ten years from the seventeenth day of May, A. D., 1865, yielding and paying therefor the rent of two hundred dollars a year; and the said lessor doth covenant with said lessee, that in connection with the above described, and without any additional rent for the same, he may use, occupy and improve for the purpose of a garden or nursery, the land lying between the premises above described, and the highway, during the whole of the aforesaid term of ten years, excepting only such portion as said Sparrow may, from time to time sell and convey or use for building; the right of said lessee to said additional privilege to be subject to termination by such sale or use."

Bryant *v.* Sparrow.

Mr. Bryant testified, that immediately after taking this lease, he entered into possession of all the land mentioned therein, and that his occupation and use of the parcel last named, for a nursery and garden, had been undisturbed for the next three years, and had been exclusive from the twenty-fifth day of May, 1865, to the time of trial, with the exception of the acts of Mr. Sparrow which were the ground of this action. The plaintiff complained that Mr. Sparrow had entered upon one corner, or side, of the piece first described in the lease and taken up some hedge and done other damage, to the amount of twenty-five dollars; but the most of the testimony, and the most severely contested part of the case, related to the entry of Mr. Sparrow upon the second parcel, lying between the first and the highway, for other purposes (as alleged by plaintiff) than sale or building, and his acts upon that land, in digging up and removing trees, shrubs, plants, &c., &c., and depriving the plaintiff of its use, in part, by the character of his own operations upon it. He removed trees, shrubs, &c., of the value of about one hundred and fifty dollars from their places upon this lot, according to the plaintiff's valuation, which the defendant said was a grossly exaggerated one, and that he did not in fact remove so large a number of them as the plaintiff said he did; and claimed that his object was to prepare the lots for building purposes; but the plaintiff said this was false,—a mere subterfuge. The presiding justice of the superior court, in which this cause was tried, instructed the jury that, "In regard to the second lot the terms of the instrument are somewhat peculiar," and then read to them the above quoted covenant of the lease, and added: "That is, undoubtedly, a clause in the lease upon the construction of which some doubt may be entertained; but, for the purposes of this trial, I rule that if it appears that the plaintiff had gone on under that provision of the lease, and had taken possession and occupied the front lot for the purposes of a garden or nursery, as set forth in the lease, and if while so in possession of the front lot, the defendant entered upon that lot, against the will of the plaintiff, and did the acts alleged in the writ, he would be guilty of

trespass. That is to say, that clause in the lease does give the plaintiff sufficient title and exclusive possession for the purposes named, so that for an unlawful infringement of his rights of occupancy, he may maintain an action of trespass;" to which ruling and instruction the defendant excepted. Upon the sixteenth day of June, 1869, Bryant mortgaged to Sparrow his greenhouse and all his stock and tools, &c., &c., in Elmwood nursery, upon land leased by Sparrow to Bryant as aforesaid. The mortgage was still outstanding in Sparrow's hands at the time of the removal of the trees, &c., for which this action was brought.

*Butler & Fessendens,* for the defendant.

The plaintiff had no lease of this front lot; only an easement or "privilege" to occupy it in a particular manner till the defendant wished to sell or use it for building purposes. To build upon it, it must be prepared for the reception of buildings before they could be erected. He merely conceded to Bryant a "privilege" (as the lease calls it) for an indefinite time. *Boston W. P. Co. v. B. & W. R. R. Co.,* 16 Pick., 522; *Harbock v. Boston,* 10 Cush., 298. The dominion over and possession of the lot remained in the defendant; so he cannot be held in this form of action for injury to the personal property of the plaintiff. *Ropps v. Barker,* 4 Pick., 239; *Eames v. Prentice,* 8 Cush., 337. Indeed, Sparrow had a right to the immediate possession of the personal property also as mortgagee. *Chellis v. Stearns,* 2 Foster, 312; *Smith v. Johns,* 3 Gray, 517. To sustain this form of declaring, under such circumstances, would be an anomaly. The plaintiff only claims $23, of injury done to the trees, &c., on his leased lot, and $148 to those on the front lot; while, in fact, the real value of all the articles enumerated by him could not exceed $60, or $70; yet the jury gave him $400, though it appeared that he never remonstrated, but tacitly acquiesced in the work of Mr. Sparrow upon these lots, at an expense of hundreds of dollars.

*A. A. Strout* and *M. P. Frank,* for the plaintiff.

The form of declaring adopted by us is correct. *Brock v.*

*Berry*, 31 Maine, 293; *Dickinson v. Goodspeed*, 8 Cush., 119. Whether or not the defendant was really, in good faith, preparing that ground for building purposes was a question for the jury; and they saw plainly that this excuse was an afterthought, a mere pretext, to shelter him from the consequences of his oppressive and arbitrary conduct.

WALTON, J. We think the construction put upon the lease from the defendant to the plaintiff, by the judge of the superior court, was correct. It is true that the defendant reserved the right to sell the second lot mentioned in the lease, or to use it to build upon; in which case the lease, so far as that parcel of land was concerned, was to become inoperative and void. But subject only to this right of the defendant to sell or use the land in question to build upon, the plaintiff was to have the exclusive right to use, occupy and improve it for a garden or nursery; and having in fact taken possession of it for these purposes, and being in the actual occupation of it when the defendant entered, his entry being for a purpose other than that mentioned in the lease, and without the plaintiff's consent, we think it was a trespass for which trespass *quare clausum fregit* could be maintained. The right of a tenant to maintain trespass *quare clausum fregit* against his landlord for an unlawful entry upon him before the tenancy is terminated, is well settled. *Dickinson v. Goodspeed*, 8 Cush., 119; *Brock v. Berry*, 31 Maine, 293.

The damages seem to have been very liberally assessed; but on the whole we think the verdict must be allowed to stand.

*Motion and exceptions overruled.*
*Judgment on the verdict.*

APPLETON, C. J., DICKERSON, DANFORTH, and VIRGIN, JJ., concurred.