75 513
89 579
75 513
92 221

MARY A. YOUNG *vs.* FRANCIS A. PRITCHARD.

Penobscot.   Opinion December 28, 1883.

*Estoppel.   Evidence.   Judgments.   Opinion of court.*

In a writ of entry the tenant is not estopped from showing title in himself, prior to and at the date of an alleged trespass, which was the subject of an action of trespass *q. c.* brought by himself against the co-tenant and grantor of the demandant and his servant by a judgment in their favor, in such action, upon a verdict of not guilty, although they may have pleaded soil and freehold by brief statement, filed with the general issue, unless it be made to appear that there was a precise definition and description of the *locus* in the pleadings in the action of trespass, and also that the recovery was had upon the issue of soil and freehold, and not upon the negation of the trespass. Neither the report of a case, as presented upon a motion for new trial to the full court, nor the opinion of the court thereon, is admissible in evidence to show upon what issue the trespass action was determined. Nor is the demandant thus estopped by a judgment in favor of the tenant's servant in trespass *q. c.* rendered upon the report of a referee in an action brought by demandant's co-tenant and grantor, where such report merely finds the defendant in the trespass action not guilty, unless there is proof that the *locus* was precisely defined in the hearing before the referee, and that his report proceeded upon a finding that the title was in the tenant.

ON REPORT.

The case and material facts are stated in the opinion.

*Davis and Bailey*, for the plaintiff, contended that the judgment in the action of trespass brought by the defendant against the plaintiff's husband and grantor, the record of that case showing that the defendants there justified under a plea of soil and freehold, and the verdict upon which judgment was rendered being not guilty, was a bar to this action.

The effect of that judgment was to establish title in the plaintiff's grantor at the time of the commencement of the action of trespass, and that title the plaintiff now holds. The issue of

soil and freehold concludes the defendant here from disputing her title at that date. If, therefore, the defendant would impeach the plaintiff's title, it must be by matters arising subsequent to that time, because that judgment is conclusive upon the question of soil and freehold between the parties thereto and their privies. *Arnold* v. *Arnold*, 17 Pick. 4; *Outram* v. *Morewood*, 3 East. 346.

As to what was the matter in issue if the record does not show it, evidence *aliunde* may be produced. As remarks PARKER, C. J., in *King* v. *Chase*, 15 N. H. 9, "the declaration and pleadings may show specifically what this is (the matter in issue) or they may not. If they do not the party may adduce other evidence to show what was in issue, and thereby make the pleadings as if they were special. . . . It may be shown by parol evidence, if necessary, upon what ground the verdict proceeded.

If the evidence in the former case were before the court, it would readily be seen that the title to the land in controversy was the matter in issue, and that the pivotal point of the decision was the location of the line between two contiguous properties. The reported case, *Pritchard* v. *Young*, 74 Maine, 419, is made a part of this case and definitely settles this point.

That becomes the main question in the determination of this case. See Bigelow on Estoppel (2d ed.), 91.

*N. Wilson*, for the defendant.

BARROWS, J. This is a writ of entry dated March 17, 1880, wherein the plaintiff demands against the defendant, possession of a parcel of land in Greenbush, "being a part of lot numbered 2, in mile square numbered 3, Range 3, according to survey of Tarbox; the same being a strip of land lying next south of a line running from East to West, dividing said Lot No. 2 into North and South halves respectively, the said strip herein demanded being so much of the South half thus determined as said Pritchard has enclosed, and now occupies to the exclusion of the demandant."

The defendant pleaded the general issue with a brief statement denying plaintiff's title and claiming that defendant has title in

fee simple by deed of warranty of same land conveyed by Isaac Young, plaintiff's husband, to Thomas L. Young, August 13, 1855, and of all which said T. L. Young "then occupied," and of all enclosed and occupied by himself at the date of plaintiff's writ, and further brief statements claiming title to the same by adverse possession in himself and his grantors since 1845, and asserting that he and his grantors since November of that year, have been in the continued and adverse possession and occupancy of "all that part of said lot northerly of the line indicated by the Bagley fence so called "— that he " claims to own it by deed and by possession ; and that it is the same identical half part, more or less, measured out, surveyed and agreed upon in the original division of said lot between Isaac Young and Thomas L. Young."

When the case came up for trial at the January term, 1883, the plaintiff put in subject to the defendant's objections : 1. The record of a judgment rendered at the same January term, in an action of trespass *q. c.* brought by this defendant Pritchard, November 6, 1879, against Isaac Young, this plaintiff's husband and one Buxton, who justified as Young's servant, wherein Pritchard alleged that those defendants on May 1, 1878, and divers days and times between that day, and the date of his writ, broke and entered his close " situate on the Northerly side of the Bagley fence, so called, on said Lot No. 2, and took down and removed said fence 15 to 20 feet over and upon plaintiff's field," trod down the grass, &c. ; to which said Young and Buxton pleaded not guilty, with a brief statement that " the acts complained of were committed, *if at all*, upon a narrow strip or gore of land lying immediately North of the Bagley fence on said Lot No. 2, mile square 3, Range 3, as set out in plaintiff's writ and South of a line extending from East to the West lines of said Lot No. 2, dividing the same into North and South halves, respectively," in which strip of land Isaac Young claimed soil and freehold for himself and this plaintiff, Mary A. Young, as tenants in common, and title therein in himself and said Mary as his co-tenant — Buxton justifying as his servant. Upon pleadings thus framed, the general issue was joined, and the verdict was

simply not guilty. Pritchard filed a motion for new trial which was overruled by the full court, and judgment entered up at the January term, 1883, (which was the trial term of this suit) for the defendants for their costs.

2. The plaintiff offered in evidence subject to defendant's objections, a quitclaim deed from her husband, the above named Isaac Young, to herself, dated November 13, 1879, conveying all the grantor's "right, title and interest in the South half of the same Lot No. 2," according to Tarbox's survey — "The north half having been conveyed by me to Thomas Young by deed of warranty, August 13, 1855." Upon this testimony the demandant rested. Thereupon the defendant offered to prove that at the date of this last named deed Isaac Young had no record title, and that the title and possession were in himself, as set forth in his brief statement, and that at the date of the alleged trespass in the action of trespass q. c. the record of which had been offered by plaintiff as above, neither Isaac Young nor the plaintiff had title to or occupancy of any part of the North half of said Lot No. 2, and especially none of the strip of land in controversy. He further offered the record of a judgment of this court, rendered at the October term, 1879, (just previous to the conveyance of the demanded land to the plaintiff by Isaac Young) in an action of trespass q. c. brought by said Isaac Young, July 19, 1878, against Nelson Pritchard, who justified as the servant of this defendant, wherein Young complains of a trespass by Pritchard on the ninth day of July, 1878, committed upon that part of the South half of the same Lot No 2, which lies Westerly of Card's ridge road, by "depositing certain rails, posts and rubbish thereon," &c. ; to which Pritchard pleaded the general issue, with a brief statement denying Young's title to the locus and alleging the same to be in Francis A. Pritchard, (this defendant) under whom he justified all and singular the acts complained of as trespasses. The record further shows the rendition of final judgment upon the report of Noah Barker, (referee under a rule of court) that the defendant was not guilty and in favor of Pritchard for his costs. The defendant now offered to prove the identity of the locus with the land here in

controversy. Plaintiff objected to all the evidence offered by the defendant; and thereupon the case was transmitted to this court, apparently, for the determination of the questions raised as to the admissibility of the evidence offered by the parties, respectively, and also to see which party, if either, was estopped by the records and accompanying proof presented.

The plaintiff relies upon the estoppel which she claims accrues to her from the judgment in favor of Isaac Young, her grantor, in this action of trespass, brought by this defendant in which Young pleaded (with the general issue) soil and freehold in himself and her as his co-tenant; and upon the conveyance to her of Young's interest. She cites *Arnold* v. *Arnold*, 17 Pick. 9, and *Outram* v. *Morewood*, 3 East. 346.

The correctness of those decisions will not be questioned here. This court has gone quite as far in maintaining the conclusiveness of judgments in *Sturtevant* v. *Randall*, 53 Maine, 149, 151 – 154, and *Walker* v. *Chase*, *id*. 258, 260 – 262.

But the difficulty about the estoppels which are claimed by each of these parties against the other, is that neither of the records which they respectively produce, nor any competent evidence *aliunde*, establishes the fact that the jury found in *Pritchard* v. *Young*, that the soil and freehold were in Young and his co-tenant — nor that the referee found in *Young* v. *Pritchard*, that the title to the *locus* was in Pritchard. All that is established in either of those cases, is that the defendants were not guilty of the trespass alleged; but " the matter particularly put in issue," is not shown to have been found, either by the jury in the one case, or by the referee in the other. The plaintiff relies upon the opinion of the court in *Pritchard* v. *Young*, 74 Maine, 420, to show that it was settled in favor of his client. But neither the opinion of the court nor the case reported makes. any part of the record. Freeman on Judgments, § 79, p. 55, and cases cited; *Coolidge* v. *Inglee*, 13 Mass. 51; nor do we see upon what principle it can be regarded as competent evidence of any fact in controversy between the parties.

We think that both the decision and the reasoning in *Arnold* v. *Arnold*, 17 Pick. 4, and the authorities there cited, are adverse-

to giving such an effect to the judgment in *Pritchard* v. *Young*, as the plaintiff claims for it, upon what is substantially the naked record here presented. To raise an estoppel, it is not sufficient to show that the matter in controversy *may* have been determined in the former litigation between the parties or their privies. The party claiming an estoppel against his adversary must make it appear affirmatively by legal evidence that it *was* determined.

As Lord ELLENBOROUGH said in *Outram* v. *Morewood*, *supra*, "It is not the recovery but the matter alleged by the party, and *upon which the recovery proceeds*, which creates the estoppel." "In every action," say the court in *Arnold* v. *Arnold*, *supra*, "the verdict is conclusive as to the subject matter of the suit, and any matter particularly put in issue *and found by the jury*." But it is just as essential that it should appear that it was "found by the jury" (or other tribunal to which it was presented), and that it was "the ground upon which the recovery proceeded," as that it was "matter alleged by the party," or "particularly put in issue." A simple "not guilty" of the trespass alleged settles nothing as to the location of the line between the parties when it does not appear that there was any finding upon the issue of soil and freehold, or any precise definition and description of the *locus*.

In view of the cases already referred to, further discussion seems superfluous.

*Case to stand for trial.*

PETERS, C. J., WALTON, DANFORTH and LIBBEY, JJ., concurred.