ARLETTA KIMBALL *vs.* CHARLES S. F. HILTON, and another.

Lincoln. Opinion December 3, 1898.

*Pleading. Estoppel. Judgment. Trespass, q. c. Real Action. Evidence. Plan.*

Estoppel by judgment may be specially pleaded in bar, or it may be shown in evidence under the general issue.

A judgment in an action of trespass quare clausum is not a bar by way of estoppel to a real action. And this is true, though the defendant in the trespass suit pleaded soil and freehold. The right of possession is the only question necessarily determined by a judgment in the action of trespass. The question of title may, or may not, have been determined. For a former judgment to be a bar, it must appear that the question now in issue was in issue then and was decided.

In the trial of a real action the defendant made use of a plan as chalk.    It
appeared that this plan had been made by a surveyor for use in a former suit
of trespass between the same parties.  *Held;* that the plan was properly
excluded, as evidence, in the present suit.

A new trial will not be granted when it appears that the evidence introduced
by the demandant, if believed, warranted the jury in finding that the line
claimed by her is now the true line by convention or disseisin, although the
testimony is conflicting.  The court cannot say in this case that the verdict
*is so manifestly wrong as to justify its intervention.*

ON MOTIONS AND EXCEPTIONS BY DEFENDANTS.

Writ of Entry.    Writ dated October 4, 1895.

Defendants pleaded nul disseizin as to a part, estoppel as to a
part, and disclaimer as to a part.    Plaintiff demurred to defend-
ants' plea of estoppel.    The demurrer was joined by the defendants
and was sustained by the court.

The jury returned a general verdict for the plaintiff, whereupon
the defendants filed a motion for new trial on the evidence
reported by the presiding justice, and also filed exceptions to cer-
tain rulings of the presiding justice in matters of law; and subse-
quently, at that and the next succeeding term, filed motions for a
new trial for newly-discovered evidence.

Declaration:  In a plea of land, wherein the said plaintiff
demands of the said defendants a certain lot of land, with the
buildings thereon, situated in said Boothbay, and bounded and
described as follows, to wit:  Beginning at the northeast corner of
land of Ella B. Kimball, on the westerly side of Back River, so
called; thence northeasterly by said river sixty rods, more or less,
to a stone wall; thence northwesterly by said stone wall, and a
board fence, to the southerly edge of the Knickerbocker Ice Pond,
and thence to a maple stump; thence northwesterly about forty
and one-half rods, to a large pine stump at the end of a fence;
thence westerly in a straight line to a spruce tree on the east bank
of the Sheepscot River; thence southerly by said river to land of
Manly Campbell; thence easterly by said Campbell's land to the
westerly edge of said Knickerbocker Ice Pond; thence southerly
by land of said Campbell, and land of Georgia A. Newcomb, and
land of S. C. Hodgdon, and other land of Manly Campbell, to the

north line of land of Ella B. Kimball; thence easterly by said Ella B. Kimball's north line to the point of beginning, etc.

Plea, general issue.

"And for brief statement of special matter of defense the defendants say that as to so much of the demanded premises as set forth in the plaintiff's writ as lies northerly of a line beginning at a spruce tree marked on four sides, standing on the westerly side of Barter's Island, in Sheepscot River, in Boothbay, in said county, and being the northwest corner of land of said Arletta Kimball and formerly of Sarah Kimball, deceased; thence running easterly by said last named land, fifty-eight rods, to a pine stump; thence southerly on a straight line to a point where an ash tree formerly stood at the end of a stone wall on the bank of Back River, so-called, in said Boothbay, they were in the rightful possession of the same and that the said plaintiff ought not to have or maintain her action against them, because they say, that they, the said Charles S. F. Hilton and Alfreda H. Hilton on the day of the purchase of the plaintiff's writ, and for more than twenty years then last past, were, and still are, lawfully seized and possessed of the same; and that the said Arletta Kimball then and there unjustly and without judgment disseized the defendants and put them out of the possession thereof.

"And as to so much of the demanded premises as lies southerly of the line aforesaid, part and parcel of the demanded premises, they say that they have nothing, and at the time of the purchase of the plaintiff's writ had nothing, nor at any time before or since had anything, nor claim, nor ever heretofore claimed any title or interest therein, and the said defendants wholly disclaim all right, title, interest and claim, of, in, and to the same." A portion of a plan of the premises in dispute is presented.

Exceptions: The defendants pleaded the general issue, with a brief statement setting up inter alia, an estoppel by the judgment of this court, at nisi prius, April, 1893, in an action of trespass, quare clausum, wherein the present defendants were plaintiffs, and the present plaintiff, with others, were defendants; and also claiming title in the land then and now in controversy, as alleged in

defendants' pleadings; and disclaiming as to the residue of the premises demanded by the plaintiff in this action.

To so much of the brief statement as relates to the alleged estoppel, the plaintiff demurred. The demurrer was duly joined, and was sustained by the court.

The defendants offered in evidence the record of the former judgment and the plan made and returned by Frederick Danforth, the surveyor appointed by the court in the former action, both of which were excluded by the court. But the court allowed Mr. Danforth's plan, as well as an ex parte plan made by J. H. Blair in behalf of the plaintiff, to be shown to the jury as chalks for the purpose of illustration, and upon an equal footing.

To the rulings of the court, in sustaining the demurrer and in excluding the evidence offered as aforesaid, the defendants excepted.

The facts are sufficiently stated in the opinion.

*W. H. Hilton*, for plaintiff.

*Geo. B. Sawyer*, for defendants.

An estoppel sufficiently pleaded, and supported by competent evidence, is an effectual bar to this action. It was sufficiently pleaded.

The demurrer is general, thus waiving "any imperfection, omission, defect or want of form" (if any there be), in the pleading to which it is opposed, and admitting "all such matters of fact as are sufficiently pleaded." It must be limited in its operation to matters of substance. Stephen on Pleading, 3d Am. ed. pp. 158-160. The defendants, having in the preceding brief statement, described a fixed and definite line (northerly of which they claimed title, and southerly of which they disclaimed any title or interest in the demanded premises) proceed to say "that the plaintiff is estopped by law and by the record and judgment of this court to have and maintain her said action", etc. They then proceed to say "that as to that part of the demanded premises hereinbefore described lying northerly of the line aforesaid", describing and identifying the parties as the same in this and the former suit, these defendants recovered judgment. They set forth the record, showing that they, as plaintiffs, declared in trespass,

qu. cl. against the present plaintiff and others acting as her servants and agents, with respect to the piece of land before described, and setting up the same dividing line before specified; and that Arletta Kimball defended, pleading the general issue, and "by way of brief statement said that the title and rightful possession of the locus where the alleged acts complained of, if done at all, were committed, at the time of the alleged trespass, were in her, the said Arletta Kimball"; and that afterwards the case was submitted to a jury and a verdict was returned under the pleadings for the then plaintiffs, upon which judgment was rendered, etc. Stat. 1831, c. 514; R. S., c. 82, § 22; *Trask* v. *Patterson,* 29 Maine, 499, 502.

The record of the former judgment between these parties and in support of the plea of estoppel was admissible under the general issue. *Green* v. *Thompson,* 5 Maine, 224; *Young* v. *Pritchard,* 75 Maine, 513; *Washburn* v. *Mosely,* 22 Maine, 160; *Sturtevant* v. *Randall,* 53 Maine, 149; *Trask* v. *Patterson,* supra.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

SAVAGE, J. Real action. The tenants plead nul disseizin, and under a brief statement, disclaim as to a portion of the demanded premises, and as to the remainder, claim an estoppel by virtue of a former judgment in an action of trespass quare clausum, in which these tenants were plaintiffs, and this demandant, and others, her agents and servants, were defendants, and in which the then plaintiffs recovered judgment upon a verdict of guilty. The brief statement also alleges that in the former action this demandant, then defendant, pleaded that the title and right of possession of the locus where the alleged acts of trespass complained of were committed, were in her.

The demandant demurred to so much of the brief statement as set up an estoppel, and the demurrer was sustained. During the trial, touching the same subject matter, the tenants offered the record of the former judgment, which was excluded. They also

offered the plan made and returned by the surveyor appointed by the court in the former action, which was likewise excluded. To all these rulings the tenants excepted.

EXCEPTIONS. We may consider at the same time the rulings upon the question of estoppel, both the sustaining of the demurrer and the exclusion of the record, for an estoppel by judgment may be specially pleaded in bar, or it may be shown in evidence under the general issue. It is immaterial which. *Cunningham* v. *Foster*, 49 Maine, 68; *Sturtevant* v. *Randall*, 53 Maine, 149; *Walker* v. *Chase*, 53 Maine, 258; *Whiting* v. *Burger*, 78 Maine, 287. Both of these exceptions raise the same question, and that is,—Is the judgment in the action of trespass qu. cl. a bar by way of estoppel to the real action? We think it is not.

In order that the former judgment shall operate as a bar, it must appear that the very question in issue here was in issue and determined there. But the issues in actions of trespass qu. cl. and in real actions are vitally distinct. In a real action the issue is seizin or title. In trespass qu. cl., it is rightful possession. The action lies for an injury to the possession. It is called a possessory action. *Lawry* v. *Lawry*, 88 Maine, 482. The gist of the action is the breaking and entering, that is, the invasion of a rightful possession. *Hunnewell* v. *Hobart*, 42 Maine, 565. As the law writers say, "If a man's land is not surrounded by an actual fence, the law encircles it with an imaginary enclosure, to pass which is to break and enter his close." The mere act of breaking through this imaginary boundary constitutes a cause of action. Addison on Torts, § 375. It is a violation of the right of possession. To sustain trespass qu. cl., proof of possession is essential. *Abbott* v. *Abbott*, 51 Maine, 575; *Jones* v. *Leeman*, 69 Maine, 489; *Butler* v. *Taylor*, 86 Maine, 17. But proof of title is not essential. *Moore* v. *Moore*, 21 Maine, 350; *Brown* v. *Ware*, 25 Maine, 411; *Hunt* v. *Rich*, 38 Maine, 195. The owner of land may not be in possession of it, while one may be in the rightful possession who is not the owner. Possession is presumed to be in the lawful owner. *Griffin* v. *Creppin*, 60 Maine, 270. But the contrary may be

shown. The fact, and the only fact, necessarily determined by a judgment of guilty in an action of trespass qu. cl., is that the plaintiff was at the time of the alleged trespass in the rightful possession of the particular locus where the acts of trespass were committed. *Morse* v. *Marshall*, 97 Mass. 519. It is not necessarily determined that the plaintiff had title. And this is true, though the defendant pleads soil and freehold, because the defendant may have had the title, and at the same time the plaintiff may have had the rightful possession. Therefore the judgment does not settle the title. And it follows that the judgment is not an estoppel to a real action, whether pleaded or offered in evidence.

In general, a judgment is conclusive only as to facts without proof of which it could not have been maintained. *Hill* v. *Morse*, 61 Maine, 541; or where the pleadings show that the subject matter was necessarily in issue. *Blodgett* v. *Dow*, 81 Maine, 197. In a case like the present, it must appear that the issue of title was not merely submitted, but was determined. *Howard* v. *Kimball*, 65 Maine, 308; *Young* v. *Pritchard*, 75 Maine, 513; *Dutton* v. *Woodman*, 9 Cush. 255. For these reasons, this court has uniformly held that a judgment in trespass qu. cl. is not a bar to a real action. *Green* v. *Thompson*, 5 Maine, 224; *Dunlap* v. *Glidden*, 34 Maine, 517; *Young* v. *Pritchard*, supra. In the latter case it appeared that the defendant in the trespass suit, which was relied upon as a bar, had pleaded soil and freehold, as in this case, but neither by the record, nor by evidence aliunde, was it shown that the jury had determined the issue of title. That case is decisive of this question. Were the rule otherwise, the judgment might be offered to prove exactly the contrary of what the jury determined.

As to the exclusion of the plan of the court surveyor in the former action, we think no error was committed. The tenants were allowed to use it as a chalk, which was all they were entitled to do. The surveyor was not called as a witness. Standing alone, the most that can be said for it, is that it represents the contention of these parties in another suit upon another issue. We think it was not admissible as evidence.

MOTIONS. The verdict was for the demandant. The parties agree that one part of the divisional line between them runs in a straight line from a spruce tree on the Sheepscot River to a certain pine stump which marks an angle. They disagree as to the location of the line from this pine stump to Back River, so-called. This latter line appears to have been first established by a deed in 1823, when the farm which embraced both the land of the demandant and that of the tenant was divided. This deed calls for a line running from a pine tree S. 35° E. to an ash tree standing on the shore of Back River. And the tenants claim that this line is now represented by a line running from the pine stump S. 30° 10 min. E. to Back River. They claim that the southerly end of this line was formerly marked by an ash tree. Beyond this line they have disclaimed.

The demandant claims a line starting at the same pine stump, thence running somewhat easterly of the line claimed by tenants to a maple stump, thence across an ice pond, formerly a swamp, to the end of a board fence at the southerly shore of the ice pond, thence by the fence and a stone wall to the same point on Back River where the line claimed by the tenants ends.

Wherever the original line as created by the deed in 1823 would now run, the tenants concede that the board fence and wall mark the present true line between the parties from Back River to the ice pond. This line is somewhat irregular and is not coincident with the line claimed by the tenants in their disclaimer, but is easterly from it. Nor is it coincident with the line created in 1823 by a course then running S. 35° E. But the wall has been standing for a longer time than any witness can remember, and the board fence was built as early as 1845; and all the time since 1845 at least, the adjoining owners have occupied respectively to the fence and wall, and neither now claims beyond these. So much of the line has become established by convention or disseizin. It will be observed that there is a strip of land lying easterly of the line of disclaimer, and owned by the demandant. The tenants did not disclaim enough. This justifies a verdict of disseizin of some part of the demanded premises. *Perkins* v. *Raitt,*

43 Maine, 280. But we pass this. The real controversy is as to the location of the line between the pine stump and the southerly shore of the ice pond. The jury have found that the line claimed by the demandant is the true one. The pivotal point in the demandant's case is a maple tree which it is claimed formerly stood about two rods easterly of the line claimed by the tenants, and in what is now the northerly shore of the ice pond. The demandant claims that this maple was a line tree; that it was marked as such, and that it was recognized as such by the owners on both sides; that this tree is in, or very near, the line, established by the original deed in 1823; that when the ice pond, an artificial one, was first flowed in 1878, and the land cleared, the maple was left standing as a line tree; that it was afterwards cut down by those who were operating the ice pond; that from 1856 to 1878, a board fence, regarded by her and her predecessors as a line fence, extended from this maple to the present end of the board fence on the southerly shore of the pond; that the portion of the board fence where the ice pond now is, and the portion which remains standing, and the stone wall,—all marked the line from the maple tree to Back River. The tenants do not deny the existence of a maple tree in that vicinity, but deny that it was a line tree, or that it was situated where the demandant claims it was. The tenants claim that the board fence across what is now the ice pond was substantially on the line claimed by them. The line from the maple tree to the southerly shore of the ice pond as claimed by the demandant is not, upon any theory, the same as that created by deed in 1823, but the line from the maple tree northerly to the pine stump may be. The demandant makes an angle at the maple tree. We think the position of the demandant is materially strengthened by two facts which do not seem to be disputed. First, the line claimed by the tenants, at the southerly shore of the pond, is not coincident with the old board fence from that point towards Back River. Yet there is no question but that the old board fence is now the line, at that point.

A more important fact is this: The deed of 1823 calls for a line running S. 35° E. The variation in the compass since 1823

amounts to 3° 2 min. If the line running in 1823 S. 35° E. be now located upon the face of the earth, it will run, as appears by the testimony of the surveyor appointed by the court, within a "few inches" of the maple stump claimed by the demandant to be the remains of the line tree. Another surveyor testified that the maple stump is in a line S. 32° E. from the pine stump, which is, making allowance for the variation of the compass, within two minutes of one degree of a line running S. 35° E. in 1823.

We do not forget that the tenants contend that the line of 1823, S. 35° E. ran to an ash tree, a definite monument, which controlled the course, and that the ash tree was in fact at the end of the line now claimed by them. But where the ash tree mentioned in the deed stood, and whether it was the one which was testified to as standing prior to 1869, at or near the end of the stone wall on the shore of Back River, were questions purely for the jury. We think the evidence introduced by the demandant, if believed, warranted the jury in finding that the line claimed by her across the ice pond is now the true line by convention or disseizin. The testimony was conflicting. The jury saw and heard the witnesses, and could judge of their intelligence and credibility. We certainly cannot say that the verdict is so manifestly wrong as to justify our intervention.

On the motion for a new trial on the ground of newly-discovered evidence, it is only necessary to say that, so far as the evidence is competent, it is merely cumulative, and it does not appear that it was not known or could not have been discovered by due diligence, before the trial. *Ham* v. *Ham*, 39 Maine, 263; *Brann* v. *Vassalboro*, 50 Maine, 64. The statement of the juror to one of the tenants was incompetent and immaterial as evidence.

*Motions and exceptions overruled.*