LAFAYETTE S. BRAY

*vs.*

ELLA SPENCER

Kennebec.   Opinion, July 19, 1951.

*Perkins, Weeks and Hutchins,* for plaintiff.

*Stanley L. Bird,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J.   This was a real action heard in the Superior Court for Kennebec County by the presiding justice without a jury.   The plea was the general issue with dis-

claimer to part of the land described. The court in finding for the plaintiff, established the disputed boundary on the "Settler's Lot line" as determined by the court surveyor, and assessed damages in the sum of $126.00. The case now comes to the Law Court on defendant's exceptions to the exclusion of certain evidence offered by her, consisting of the record of a prior action of trespass, between the parties and heard by a referee, wherein the defendant (plaintiff in the trespass action) recovered judgment for $1.00 and costs.

In this pending real action the principal question involved was the location of a disputed boundary line. The plaintiff, Lafayette S. Bray of Fairfield, Maine, has record title to a tract of land of about 50 acres in Benton, Maine, and the defendant, Ella Spencer of Benton, is the owner of a lot which adjoins the Bray lot. The two lots are divided by the "Settler's Lot line," so called. The Settler's line is admitted to be the easterly bound of the Spencer lot and the westerly bound of the Bray lot. The location of this line upon the face of the earth was the main question presented. A court surveyor was appointed who made a survey, plans and a report. The presiding justice in giving judgment for the plaintiff found the line to be as indicated on the plan made by the court surveyor, which was introduced in evidence. Damage for wood removed from the Bray lot by the defendant was assessed at $126.00.

The defendant offered no evidence other than five exhibits, which consisted of certified copies of the writ, pleadings of general issue, report of referee, acceptance of report, and docket entries, all of which exhibits related to a prior action of trespass *quare clausum* brought in 1949 in the Kennebec Superior Court, wherein Ella Spencer (now defendant) was plaintiff and Lafayette Bray (now plaintiff) was defendant. These five proffered exhibits were excluded and exceptions taken.

The question now before the Law Court is whether the record evidence of a prior action of trespass is admissible in a later real action between the same parties. The defendant contends that such evidence is admissible and that it estops the plaintiff from successfully prosecuting his present real action.

The action of trespass *quare clausum* is essentially a possessory action. Possession alone is sufficient to maintain the action against one who cannot show a better right or title. *Moore* v. *Moore*, 21 Me. 350. See *Thurston* v. *Mc-Millan*, 108 Me. 67 for proof required. Possession, without title, supports trespass *quare clausum fregit* against one who has no right to be upon the property. The gist of the action is the disturbance of the plaintiff's actual or constructive possession, and if this fact does not appear, it cannot be maintained. *Savage* v. *Holyoke*, 59 Me. 345. Trespass *quare clausum* is an appropriate form of action for wrongfully interfering with a person's possession of realty although the interference was by the landlord. *Moshier* v. *Reding*, 3 Fairfield, (12 Me.) 478; *Bryant* v. *Sparrow*, 62 Me. 546; *Harlow* v. *Pulsifer*, 122 Me. 472. A landlord, out of possession, cannot maintain trespass if the tenant is in possession, unless there is an injury to the freehold. *Perry* v. *Bailey*, 94 Me. 50; *Lawry* v. *Lawry*, 88 Me. 482.

The general issue in trespass *quare clausum* is "not guilty" and this plea puts in issue the question of whether the plaintiff's rightful possession has been disturbed by the defendant. Real actions, however, bring into issue the title itself. *Hall* v. *Decker*, 48 Me. 255; *Linscott* v. *Fuller*, 57 Me. 406; *Kimball* v. *Hilton*, 92 Me. 214; *Powers* v. *Hambleton*, 106 Me. 217.

In any suit at law, or in equity, a judgment by a court of competent jurisdiction in a prior action between the same parties is generally conclusive, under the doctrine of *res adjudicata*, as to issues tried or that might have been tried.

If for a different cause of action it is conclusive by estoppel as to matters actually litigated. *Van Buren Light & Power Co. v. Van Buren,* 118 Me. 458; *Harlow* v. *Pulsifer,* 122 Me. 472; *Edwards* v. *Seal,* 125 Me. 38. "Was the same vital point put directly in issue and determined?" *Howard* v. *Kimball,* 65 Me. 308, 330. The recovery of a judgment for personal injuries bars an action for property damage due to the same accident. *Pillsbury* v. *Kesslen Shoe Company,* 136 Me. 235. When issues are different *res adjudicata* cannot be upheld. *Sweeney* v. *Shaw,* 134 Me. 475. Verdicts for defendant in trespass and trover suits do not bar maintenance in favor of the plaintiff in a real action, where the cases were tried together. *Hardison* v. *Jordan,* 142 Me. 279. Where the parties are the same but the cause of action, or issue, is different, the prior judgment is only conclusive upon such issues as actually tried, and the burden is on the party setting up an estoppel by judgment to show that the same issue was involved and determined, on its merits, in the prior proceeding. *Russell* v. *Russell,* 145 Me. 113, 72 Atl. (2nd) 640; *Susi* v. *Davis,* 133 Me. 354; *Damren* v. *The American Light and Power Co.,* 95 Me. 278, 30 Am. Jur. "Judgments," 914, Sections 172, 180.

A judgment in an action of trespass *quare clausum* is not a bar by way of estoppel to a real action. This is true, even if the defendant in the trespass suit pleads soil and freehold. The right of possession, at the time of the alleged trespass to the particular locus, is the only question necessarily determined by a judgment in the trespass action. For the former judgment to be a bar it must appear that the question now in issue was in issue then and was decided. A judgment in trespass "does not settle the title." *Kimball* v. *Hilton,* 92 Me. 214; *Susi* v. *Davis,* 133 Me. 354; *Young* v. *Pritchard,* 75 Me. 513.

The case at bar is a real action wherein Lafayette S. Bray is plaintiff and Ella Spencer defendant. They own adjoin-

ing lots. The dispute is the exact location of the boundary line between the two parties. The defendant offered the entire court record of a prior trespass action, between the parties, wherein Ella Spencer, as then plaintiff, recovered judgment for $1.00 against Lafayette S. Bray. This record evidence was excluded, and exceptions taken. In the trespass action the record shows the pleadings to have been the general issue only. The question of title was not raised. The question of location of the line now in dispute was not determined. The court surveyor, on cross examination in this real action, did say that a plan offered by the defendant had been used in the trespass action, and that there was "a discussion about the ownership of this triangle," and "I think" Mr. Bray claimed to own as far as the "line represented." There was no evidence outside of this uncertain testimony, and the court record of the trespass case, which was offered and excluded, to show what was before the court in the prior case. There was no evidence, in the offered record, that the referee in the trespass action passed on the question of the line. All that the trespass action determined was that the plaintiff was then in possession of property described in her writ and declaration, and that the defendant was guilty of a trespass on some part of the property.

To raise an estoppel, it is not sufficient to show that the matter in controversy may possibly have been determined in the prior litigation. The party claiming an estoppel must make it appear affirmatively by legal evidence that it was *actually* determined. *Young* v. *Pritchard,* 75 Me. 513; *Smith* v. *Brunswick,* 80 Me. 189. This the defendant, Ella Spencer, did not do. In fact the record offered and excluded shows the contrary. The exclusion was proper. *Kimball* v. *Hilton,* 92 Me. 214.

*Exceptions overruled.*