**Marinel BARTER**

v.

**BOOTHBAY/BOOTHBAY HARBOR COMMUNITY SCHOOL DISTRICT.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1989.
Decided Oct. 3, 1989.

Richard W. Elliott (orally), Elliott, Elliott & Severance, Boothbay Harbor, for plaintiff.

Ervin D. Snyder (orally), Snyder & Jumper, Wiscasset, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

In this case, we conclude that a notice of appeal filed on behalf of a school district and a school committee includes the high school principal acting in his official capacity, and that the final judgment in a previous lawsuit between the same parties precludes this second lawsuit. Accordingly, we vacate the judgment in favor of the plaintiff and direct that judgment be entered for the defendants.

Marinel Barter attended Boothbay Region High School from September 1982 through June 1986. The High School's graduation standard required a student to accumulate 20 credits and to complete four years of physical education unless a school official waived the latter requirement. The High School denied Barter her diploma on the grounds that she had earned only 19¾ credits and had failed to complete her final year of physical education. Barter sued the School District, the School Committee and the High School principal. She claimed that officials had given her inadequate notice that she was failing and that the principal arbitrarily refused to approve private tutoring to make up her deficiency. She sought an injunction to allow her to graduate with her class, together with damages for negligence and emotional distress. Later she tried to amend her complaint to add civil rights claims under 42 U.S.C. § 1983. On July 25, 1986, however, the Superior Court (Lincoln County, *McKinley, J.*) granted the defendants' motion to dismiss the complaint and denied Barter's motion to amend, ruling that the amended complaint would also be subject to dismissal under M.R.Civ.P. 12(b)(6). Barter appealed to the Law Court but dismissed her appeal on January 12, 1987.

Barter filed a second complaint, the one in this action, on December 8, 1986. The parties were identical. In the new lawsuit, however, she alleged that she had satisfied the 20–credit graduation requirement and was otherwise qualified to graduate. She brought this lawsuit as a civil rights action under 42 U.S.C. § 1983 seeking damages. On March 6, 1987, the Superior Court (Lincoln County, *Lipez, J.*) denied the defendants' motion to dismiss on grounds of res judicata, and the case proceeded to trial. At the close of Barter's evidence the Superior Court (Lincoln County, *Chandler, J.*) granted the defendants' motion for a directed verdict on all claims against the High School principal in his individual capacity. By special verdict, the jury found that Barter had attained the 20 credits and that the School District had violated 42 U.S.C. § 1983. It awarded her $10,650.00 in damages. The Superior Court entered judgment against the defendants (other than the High School principal, individually). It also granted Barter's post-trial motion to compel the School District to issue a graduation diploma to her. The defendants have appealed.

## SCOPE OF NOTICE OF APPEAL

The notice of appeal filed by the defendants refers to only the School District and the School Committee. The High School principal was absolved of any individual liability by the Superior Court's directed verdict. But, Barter argues that since she sued him in his official capacity as well, failure to include him in the notice of appeal leaves outstanding the judgment against him in his official capacity.

Any judgment against the High School principal in his official capacity is in fact a judgment against the School District. *See Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985). Indeed, the judgment against him in his official capacity is otherwise worthless: the principal named in the complaint is no longer the principal of the High School and cannot issue Barter a diploma or draw on School District funds to pay the judgment. Under our rules, his successor is "automatically substituted as a party." M.R.Civ.P. 25(d)(1). The phrase "in his official capacity" makes clear that a money judgment out of personal assets is not involved. M.R.Civ.P. 25(d) advisory committee's note to 1966 amend., 1 Field, McKusick & Wroth, *Maine Civil Practice* 406 (2d ed. 1970). We are satisfied, therefore, that the notice of appeal filed on behalf of the School District and the School Committee

adequately appeals the judgment against the School District and any of its subordinate officers acting in their official or representative capacities.

## RES JUDICATA

The defense of res judicata bars relitigating a cause of action that has been resolved by a valid prior judgment. "[T]he scope of the bar extends to all issues 'tried or that might have been tried' in the prior action." *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me.1979) (quoting *Bray v. Spencer*, 146 Me. 416, 418, 82 A.2d 794, 795 (1951)). The principles for applying it in Maine are clear. There are three requirements: the same parties in both actions; a valid final judgment in the first action; and matters presented for decision in the second action that were, or might have been, litigated in the prior action. Specifically,

> a plaintiff seeking legal relief must plead all theories of recovery then available to him; he 'cannot splinter his claim and litigate it separately in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim when he had a reasonable opportunity to raise and litigate the same grounds in the former action.'

*Id.* at 569 (quoting *Neeld v. National Hockey League*, 439 F.Supp. 446, 458 (W.D.N.Y.1977)).

Here, the first two requirements are clearly met and the only controversy is over the third. There can be no question that the principal focus of Barter's two lawsuits was the High School's refusal to permit her to graduate. The only difference between the two is that in the first lawsuit Barter challenged school officials' failure to notify her in advance that she was going to fail and their refusal to allow her to make up the inadequacy through private tutoring; whereas in the second she asserted that she had in fact satisfied all the graduation requirements. Barter could certainly have pleaded the grounds of her second complaint as alternative counts in her first complaint. Her only argument to the contrary is that when she filed her first complaint she was unaware of the facts she later asserted. Specifically she maintains that not until she received a copy of her secondary school record in October of 1986 did she realize that she had received 19¾ credits and that the transcript included a blank in the credit column for physical education. This late realization may suggest that her discovery efforts were inadequate in the first lawsuit or that inadequate investigation was undertaken before filing that lawsuit. It does not, however, furnish grounds for commencing a second lawsuit later. If it did, new lawsuits could be filed any time a dissatisfied litigant discovered a new piece of information. Barter's responsibility was to pursue in the first lawsuit all her claims and every avenue of relief that was open. She was entitled to only one lawsuit attacking the refusal to issue her a high school graduation diploma.

The entry is:

Judgment vacated and remanded with instructions to enter judgment in favor of the defendants.

All concurring.