**8**

DIVERSIFIED FOODS, INC.,
et al., Plaintiffs,

v.

The FIRST NATIONAL BANK OF
BOSTON, et al., Defendants.

Civ. No. 90–0221–P–H.

United States District Court,
D. Maine.

Jan. 9, 1992.

Daniel G. Lilley, Daniel G. Lilley Law Offices, P.A., John S. Campbell, Paul F. Zendzian, Poulos, Campbell & Zendzian, Portland, Me., for plaintiffs.

Peter W. Culley, Pierce Atwood Scribner Allen Smith & Lancaster, Portland, Me., for defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

HORNBY, District Judge.

On August 21, 1989, Diversified Foods, Inc. and other plaintiffs ("DFI") filed a ten-count complaint in state court (Cumberland County Superior Court), asserting against the First National Bank of Boston and other defendants ("FNB") state law breach of contract and tort claims in connection with two loan agreements dated October 21, 1987 ("Agreements"). Two days later FNB filed a state court action against DFI seeking to collect on the Agreements. The state court consolidated the two suits on December 15, 1989. On September 14, 1990, while the state action was pending, DFI filed a separate suit in this Court alleging that FNB's conduct in connection with the Agreements violated certain anti-tying provisions of the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 1972. DFI never raised the BHCA claims in the state court case. FNB responded to the federal complaint by raising improper claim splitting as an affirmative defense. On April 18, 1991, the state court granted summary judgment in favor of FNB on all claims and counterclaims pending in the state court.

FNB has now moved for summary judgment here, arguing that the state court's judgment bars DFI's claims pending in this Court. Because I find, as a matter of law, that DFI is precluded under the doctrine of res judicata from raising the BHCA claims in this Court, FNB's motion is *GRANTED.*

Both parties acknowledge this Court's obligation to give the state court judgment preclusive effect pursuant to 28 U.S.C. § 1738 and, in doing so, I follow the rules of preclusion determined under Maine law. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). In Maine, the doctrine of res judicata bars the relitigation of a cause of action that has already been resolved by a valid prior judgment. *Kradoska v. Kipp,* 397 A.2d 562, 565 (Me.1979); *Barter v. Boothbay/Boothbay Harbor Community School Dist.,* 564 A.2d 766, 768 (Me.1989). The bar extends to all issues "tried or that might have been tried" in the prior action, *Bray v. Spencer,* 146 Me. 416, 82 A.2d 794, 795 (1951), so long as three requirements are satisfied: (1) the same parties are involved; (2) a valid final judgment has been rendered in the prior action; and (3) the matters presented for decision in the second action were or might have been litigated in the prior action. *Kradoska v. Kipp,* 397 A.2d at 565.

The first two requirements are clearly satisfied here. All parties in this lawsuit were also parties in the state court proceedings.[1] Although DFI has appealed the state court judgment, there can be no question that it is a valid final judgment for purposes of res judicata despite the pendency of appeal. *See Bartlett v. Pullen,* 586 A.2d 1263, 1265 (Me.1991); *Restatement (Second) of Judgments* § 13, com-

ment (f) (1982). The difficulty, if any, lies with the third requirement: specifically, whether the BHCA claims might have been tried in the state court action. DFI insists that jurisdiction under the BHCA is exclusively federal and, therefore, that it could not bring its BHCA claims in state court.

It is well-settled that state courts presumptively enjoy concurrent jurisdiction with federal courts over federal claims unless Congress has divested the states of jurisdiction through "explicit statutory directive" or by "unmistakable implication from legislative history," or because there exists a "clear incompatibility between state-court jurisdiction and federal interests." *See Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981); *Tafflin v. Levitt,* 493 U.S. 455, 459–60, 110 S.Ct. 792, 795–96, 107 L.Ed.2d 887 (1990). DFI does not suggest that there is any "explicit statutory directive"[2] mandating exclusive federal jurisdiction or that any "clear incompatibility" of federal and state interests exists. DFI argues only that the BHCA's legislative history provides proof that jurisdiction under the Act is exclusively federal. According to DFI, Congress intended BHCA to complement the Clayton Act and Sherman Act antitrust legislation. Jurisdiction under these Acts has been held to be exclusively federal. *See Tafflin v. Levitt,* 493 U.S. at 462, 110 S.Ct. at 797 (*citing General Investment Co. v. Lake Shore & M.S.R. Co.,* 260 U.S. 261, 286–88, 43 S.Ct. 106, 116–17, 67 L.Ed. 244 (1922)). DFI maintains that because Congress was aware of these judicial interpretations and because Congress incorporated a jurisdictional grant in the BHCA virtually identical to that in the Clayton Act,[3] Congress im-

---

1. However, Ronald C. Giguere, President, Director and principal stockholder of Diversified Foods, Inc. was a plaintiff in the state court proceedings but is not a party in this suit. Further, five corporations affiliated with DFI were defendants in FNB's state court collection claims but are not parties to this action.

2. The provision granting jurisdiction under the BHCA is 12 U.S.C. § 1975. It states: "Any person who is injured in his business or property by reason of anything forbidden in section 1972

of this title may sue therefor in any district court of the United States...." Use of the permissive term "may" here is consistent with the presumption of concurrent state court jurisdiction. *See, e.g., Tafflin v. Levitt,* 493 U.S. at 460–61, 110 S.Ct. at 795–96.

3. The jurisdictional grant under the Clayton Act, 15 U.S.C. § 15, provides: "[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust

plicitly granted federal courts exclusive jurisdiction over BHCA claims.

■ The inquiry, however, is whether the legislative record *positively* shows a congressional intent to divest state courts of concurrent jurisdiction. In rejecting a similar argument that jurisdiction under RICO legislation is exclusively federal, the Supreme Court said:

> To rebut the presumption of concurrent jurisdiction, the question is not whether any intent may be divined from legislative silence ..., but whether Congress in its deliberations may be said to have affirmatively or unmistakably intended jurisdiction to be exclusively federal.... [W]here the issue is whether jurisdiction is exclusive or concurrent, we are not free to add content to a statute via analogies to other statutes unless the legislature has specifically endorsed such action.

*Tafflin v. Levitt*, 493 U.S. 455, 462–63, 110 S.Ct. 792, 797, 107 L.Ed.2d 887 (1990). The legislative history here is utterly silent on the question of jurisdiction. Even if Congress considered the BHCA to be "antitrust" law, that fact by no means provides an "unmistakable implication" that Congress intended to confine jurisdiction to the federal courts. I therefore conclude that jurisdiction under the BHCA is concurrent and that DFI had the opportunity to bring the BHCA claims before the state court. *Accord, Lane v. Central Bank of Alabama, N.A.*, 756 F.2d 814, 817–18 (11th Cir.1985) ("our review of the legislative history [of the BHCA] reveals no 'unmistakable implication' that Congress intended to confine jurisdiction to the federal

courts."); *Cuervo Resources, Inc. v. Claydesta Nat'l Bank*, 876 F.2d 436 (5th Cir.1989).

I further conclude that the state and federal suits involve the same cause of action. Both the BHCA claims and the state breach of contract and tort claims arise out of the same transaction and involve the same operative facts: namely, the Agreements and the parties' conduct surrounding the making and implementing of the Agreements.[4] The cause of action being the same, it was incumbent on DFI, under principles of res judicata, to raise its BHCA claims in the state court proceedings.[5] *See Kradoska v. Kipp*, 397 A.2d at 568.

Accordingly, FNB's motion for summary judgment is *GRANTED*.

SO ORDERED.

---

laws may sue therefor in any district court of the United States...."

4. DFI essentially concedes this point in its January 31, 1991 Motion to Amend the Complaint to add the state claims. In support of this motion DFI said: "The facts forming the basis for the state claims are the same facts which form the basis of the pending action relating to the Banks' having violated the [BHCA]." Plaintiffs' Memorandum of Law Supporting Motion to Amend at 2.

5. DFI's assertions to the contrary, I find nothing in the record demonstrating that FNB tacitly acquiesced to having the BHCA claims litigated

in this forum. FNB objected to DFI's proposed amendment to the state court complaint which referred to "illegal" and "anti-competitive" conduct on the grounds that such an amendment was untimely and unduly burdensome, not because it agreed that those issues were properly before the federal court. FNB specifically put DFI on notice that it would object by raising claim splitting as an affirmative defense to the BHCA claims. Despite this fact, DFI did not attempt to interject the BHCA claims into the state case until after the state court had granted summary judgment in favor of FNB.