WARREN W. BLODGETT, and another *vs.* THOMAS H. DOW, admr.

Kennebec.     Opinion January 9, 1889.

*Judgment.   Former suit.   Bar.   Estoppel.   Evidence.*

The plaintiffs previously commenced an action against the defendant's intestate, on the note sued in this case and three other notes, declaring specially on each note. The action was duly entered and referred to referees, by the usual rule of court, who heard the parties and made a general award in favor of the plaintiffs; which was returned to court, accepted and judgment entered thereon. That judgment is set up in bar of this action. *Held,* it is not competent for the plaintiffs to prove by parol, that the referees did not consider the note in suit in making their award, and that the former judgment is a bar to the maintenance of this action.

ON REPORT, from the superior court for Kennebec county. The law court, were to render such decision as the law and admissible testimony require.

This was an action against the administrator of the estate of William Rollins, deceased, under the provisions of R. S., c. 66, §§ 13 and 14, on an appeal, by the plaintiffs, from the report of commissioners on said estate represented insolvent.

The claim, which was not allowed, was a promissory note of the intestate, described in the opinion of the court. The defendant pleaded the general issue and a brief statement by way of further defense, "that the note declared on, in said action, has been fully adjudicated upon by a court of competent jurisdiction, and judgment rendered thereon, which judgment defendant pleads in bar of this action;" and this was the question presented for decision.

The other facts are stated in the opinion.

*Clay and Clay,* for plaintiffs.

To sustain his plea defendant places in evidence a writ *Warren W. Blodgett et al* v. *Wm. Rollins,* dated Feb. 24, 1880, by which it appears that this identical note was sued in the lifetime of said Wm. Rollins, together with three other notes, given and held by the same parties. Said writ having four separate counts, this

note being declared on, is the first. That action was referred by rule of court to referees, by whom an award was rendered in favor of the plaintiffs for the sum of $212, and costs, on Nov. 17, 1880.

Judgment was rendered on the award and it is still in force.

1st. It appears that the record of this last suit shows, this note never went before the referees and was not passed upon by them, for the amount of the award and judgment is exactly the aggregate of the last three notes declared on with interest, nothing being allowed for this note, and no mention being made of it. Furthermore, the last three notes are annexed to the original writ and was evidently the one on which judgment was given, while this note went back into the hands of the plaintiffs.

2. If the record does not clearly show what was presented to the referees for their consideration, then the testimony of Henry Farrington and H. S. Webster shows what was said and done at the hearing before the referees, and what was presented to them and decided by them. These gentlemen acted as opposing counsel at the trial before the referees.

Is their testimony admissible to show what was done and what was decided by the referees?

On this point we quote from Judge Rice's opinion given in *Cunningham* v. *Foster*, 49 Maine, 68, page 70. He says: "It is a well settled rule of law, that if a verdict, award or judgment of a court of competent jurisdiction, has apparently but not necessarily, covered the very ground on which a second action is brought, though this would be, perhaps, *prima facie* evidence that the matter had passed *in rem judicatam*, yet it may still be averred, and proved by parol testimony, that the cause of the second action was not in issue, and the point to be established by it was not in fact decided in the former case."

The sole question for the court, then, is whether on the evidence presented and the facts stated this award and judgment is a bar to this action.

To the effect that it is not a bar we quote the following authorities:

Greenl. Ev. §§ 528, 529, 530, 532; Whart. Ev., vol. 2, §§ 758,

781, 785 and notes, 788; *Webster* v. *Lee*, 5 Mass. 334; *Lander* v.
*Arno*, 65 Maine, 26; *Howard* v. *Kimball*, Id. 308, 330; *Lord* v.
*Chadbourne*, 42 Id. 429, 443; *Sturtevant* v. *Randall*, 53 Id. 149,
153; *Walker* v. *Chase*, 53 Id. 258, 260; *Cunningham* v. *Foster*, 49
Id. 68; *Baker* v. *Stinchfield*, 57 Id. 363; *Foye* v. *Patch*, 132 Mass.
105; *Hood* v. *Hood*, 110 Id. 463; *Eastman* v. *Symonds*, 108 Id.
567; *Burlen* v. *Shannon*, 99 Id. 200, 202; *Eastman* v. *Cooper*, 15
Pick. 276, 286; *Dutton* v. *Woodman*, 9 Cush. 255, 261.

*Spear and Clason*, for defendant.

Judgment of referees is equally valid as when founded upon
a verdict. *Pease* v. *Whitten*, 31 Maine, 117. The record is,
therefore, conclusive of everything contained in the action referred.
As proof of this, assume that this thousand dollar note had been
placed in evidence, considered by the referees, and found by them
to be paid, or given without consideration. Their award would
be as it now is.

Admission of parol testimony to show that the note was not
concluded by the award, and judgment thereon, would have the
effect to impeach the record in part. A judgment cannot be
impeached, directly, indirectly or collaterally. While it remains
unreversed it is conclusive. *Pease* v. *Whitten, supra; Footman*
v. *Stetson*, 32 Maine, 17; *Woodman* v. *Smith*, 37 Id. 21; *Smith* v.
*Abbott*, 40 Id. 442; Whart. Ev., vol. 2, §§ 759, 763; Field's
Lawyer's Briefs, vol. 3, 213, § 221; Wait's Actions and Defences,
vol. 6, 776; *Standish* v. *Parker*, 2 Pick. 20; *Pinney* v. *Barnes*,
17 Conn. 420.

Additional facts which should be of record cannot be added by
parol. *Wilcox* v. *Emerson*, 10 R. I. 270; *Wells* v. *Stevens*, 2 Gray,
115; *Kendall* v. *Powers*, 4 Met. 553. Cannot vary record by
parol. *Kendall* v. *Powers, supra.* An omission cannot be added
to record by parol. *Tefft* v. *Pitts*, 74 Pa. St. 349.

The principle to be deduced from these cases, is this: Does
the record of itself, by inspection, cover this note? If it does, it
follows, that the admission of parol testimony to show it does
not, must enlarge, diminish or vary the record.

Judgment is conclusive upon all matters in issue, by which is
meant, that matter upon which the plaintiff proceeds by his

action, and which the defendant controverts by his pleadings. Freeman Judg., p. 222, § 257; *King* v. *Chase*, 15 N. H. 9, 14; Whart. Ev., vol. 2, § 759. The judgment was on the merits. Freem. Judg., p. 226, § 260.

The adjudication of the referees upon the note is not known. They were not called to testify. A second action, cannot be maintained upon evidence once offered and rejected in the trial for a like action, between the same parties. *Smith* v. *Whiting*, 11 Mass. 445.

The award should be co-extensive with the submission. *Bhear* v. *Harradine*, 7 Exch. 269. The submission was the action, not a part of it, and the award should cover the action, as an entirety, as it purports on its face.

In *Cunningham* v. *Foster*, cited by plaintiffs, the item claimed, in the second suit, was not in issue in the first suit. The plaintiff denied that it was sued at all. It is not claimed that the action upon which he proceeded, in the first suit, did by inspection of the record embrace the item in the second suit.

It is at this point, where the record shows, by inspection, whether or not the item, in the second suit, was in issue in the first, that the line, for the admission or rejection of parol testimony, should be drawn.

LIBBEY, J. The plaintiffs seek to recover in this action on a promissory note given by William Rollins, the defendant's intestate, to one Ellen P. Blodgett, or order, dated June 19, 1876, for $1000, payable in three years with interest, and by said Blodgett duly indorsed.

The note was seasonably presented to the commissioners in said Rollins estate, disallowed by them, and appeal taken by the plaintiffs.

No question is made as to the rights of the plaintiffs to recover, if the right of action is not barred by the judgment relied on in defense.

February 24, 1880, the plaintiffs commenced an action against said Rollins, then living, in the superior court for Kennebec county, declaring in their writ on four promissory notes, in four counts, the first declared on being the note in suit. The

action was entered at the April term of said court, when the general issue was pleaded by the defendant. At the September term of the court the action was referred, by rule of court, to referees, who heard the parties and made a general award in favor of the plaintiffs, which was returned to the court at the December term, 1880, accepted, and a general judgment entered thereon.

The plaintiffs claim that the note in suit was not passed upon by the referees; and therefore that the judgment is no bar; and the contention between the parties is, whether it is competent for the plaintiffs to prove by parol that the note was not in fact, passed upon by the referees, and formed no part of the sum awarded.

We think it is not competent to explain the judgment as proposed.

When it appears by the pleadings, that the subject matter in controversy was directly and necessarily in issue in the action, a general judgment, either on a general verdict of the jury or a general award of referees, while it stands unreversed, is a bar to another action for the same cause. The parties are estopped by it. But when the pleadings are such that the subject is not directly in issue, but may or may not be put in issue in the action, and the judgment does not disclose whether, in fact it was or not, the fact may be proved by parol; and this we understand is the distinction. *Cunningham* v. *Foster*, 49 Maine, 68; *Walker* v. *Chase*, 53 Maine, 258; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Campbell* v. *Rankin*, 99 U. S. 261.

Here, in the action of the plaintiffs v. Rollins, the note in suit was specially described in the first count in the writ, and went to the referees for adjudication. There is nothing in the record showing it was withdrawn. The judgment on the general award estops the plaintiffs and cannot be explained by parol. If, at the hearing, the plaintiffs for any reason, were not prepared to litigate the note, they should have seen to it, that it appeared by the judgment, that it was withdrawn.

*Judgment for the defendant.*

Peters, C. J., Walton, Danforth, Virgin and Foster, JJ., concurred.