J. W. STEPHENS, LIMITED

*vs.*

MAINE LUMBER PRODUCTS CORPORATION
AND CASCO BANK & TRUST COMPANY AND
LIBERTY NATIONAL BANK IN ELLSWORTH,
TRUSTEES

Cumberland.    Opinion, November 3, 1951.

PER CURIAM.

On exceptions.   This case is before the court on exceptions to the acceptance of a referee's report in favor of the plaintiff.   The case was heard by a referee under a rule of court with right of exceptions reserved as to matters of law.   By agreement of the parties the case was set by the referee for a hearing on February 28, 1951.   On that date, at the request of defendant's counsel, it was continued to the 7th of March.   On that date, again at the request of defendant's counsel, the case was continued finally to March 14th at 2 p.m.   On the 7th of March, by agreement and without objection of counsel for the defense, the plaintiff

filed an affidavit of claim in accordance with the Revised Statutes, Chapter 100, Section 132. On the 14th of March counsel for the defense again appeared before the referee and asked for a continuance. The cause was then continued by the referee to March 19th at 2 p.m. on condition that if the defendant were not then present with witnesses and ready to proceed with the case, the referee would proceed *ex parte.*

On March 19th counsel for the defense appeared before the referee at either a few minutes before or just after 3 p.m. He then stated that no witnesses for the defense were present, and again requested a continuance to enable him to produce witnesses for the defense. He also asked for a continuance on the ground that the defendant, through associate counsel, was filing a counter claim in the Federal Court, and urged that this was a matter justifying a continuance. The referee took the matter under consideration, and, there having been no intimation that the defendant either could or would offer witnesses in its behalf if the motion were denied, on the next day notified counsel for both parties that he had denied the motion for continuance and the testimony was closed.

The defendant on the next day moved to reopen the case to enable it to introduce the testimony of such witnesses as it then had available. The referee refused this motion, decided the case *ex parte,* and reported to the court in favor of the plaintiff. The defendant objected to the acceptance of the report on the ground that it was an abuse of discretion on the part of the referee to find for the plaintiff and to deny the defendant the right to reopen the case and introduce testimony in its behalf. The presiding justice overruled the objections and accepted the referee's report. The defendant took exceptions to this action of the presiding justice on the same grounds set forth in the objections to the referee's report.

We need not consider the effect upon the proceedings of the filing of the counter claim in the Federal Court. The matter was not argued orally, nor is it mentioned in the defendant's brief. Under the doctrine recently announced in the case of *Sard* v. *Sard et al.,* 147 Me. 46, 59, it may be considered waived. See also *State* v. *Sutkus,* 134 Me. 100, 104 and cases cited.

Under the circumstances of this case as disclosed in the record the referee was fully justified in deciding the case *ex parte* and in refusing to reopen the case. There comes a time in every cause when it must be disposed of. This cause was disposed of in accordance with the agreement of the parties and the condition imposed in the granting of the last continuance. At the appointed time on March 19th, there being no witnesses for the defense present, the referee could have then refused a continuance and then and there decided the case *ex parte.* He was entirely within his rights in announcing his decision to that effect on the day following. Upon the facts disclosed in the record it was not an abuse of discretion on the part of the referee to refuse to reopen the case.

*Exceptions overruled.*

*Wilfred A. Hay,*
*Theodore R. Brownlee,* for plaintiff.

*Philip F. Chapman, Jr.,*
*Milton A. Nixon,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.