### MAINE LUMBER PRODUCTS CORP. v. J. W. STEPHENS, Limited.
#### Civ. A. No. 797.

United States District Court
D. Maine, S. D.
Feb. 25, 1952.

Philip F. Chapman, Jr., Portland, Me., for plaintiff.

Wilfred A. Hay, Theodore R. Brownlee, Portland, Me., for defendant.

CLIFFORD, District Judge.

This action is before this Court on the motion of the defendant for judgment on the pleadings.

The sole issue is whether or not a judgment in a prior state action between the parties hereto is res judicata upon their respective claims in the instant action.

## Statement of Facts

The parties are in complete accord on the following facts: The defendant in the instant action, J. W. Stephens, Ltd., (hereinafter referred to as seller) sold and delivered certain carloads of lumber to the present plaintiff, Maine Lumber Products Corporation (hereinafter referred to as buyer). A dispute arose as to the fitness of the lumber delivered, and the seller sued the buyer at the April Term, 1951, Cumberland County Superior Court, in an action for the contract price. The buyer pleaded the general issue, and a brief statement of special defense, the essence of which is an alleged breach of warranty.

The buyer alleges in its brief statement that it ordered nine carloads of dry, merchantable spruce lumber from the seller; that the seller shipped said quantity of lumber, which was not as represented; and, that the buyer suffered substantial damage as a result.

The proceedings in the state court, as outlined in the opinion of the Maine Supreme Judicial Court, J. W. Stephens, Ltd. v. Maine Lumber Products Corp., 83 A.2d 925, were as follows: The case was heard by a referee under a rule of court with right of exceptions reserved as to matters of law. By agreement of the parties the case was set by the referee for a hearing on February 28, 1951. On that date, at the request of buyer's counsel, it was continued to the 7th of March. On that date, again at the request of buyer's counsel, the case was continued finally to March 14th at 2 p. m. On the 7th of March, by agreement and without objection of counsel for the defense, the seller filed an affidavit of claim in accordance with the Revised Statutes, Chap. 100, Sec. 132. On the 14th of March counsel for the defense again appeared before the referee and asked for a continuance. The cause was then continued by the referee to March 19th at 2 p. m. on condition that if the buyer were not then present with witnesses and ready to proceed with the case, the referee would proceed ex parte.

On March 19th counsel for the defense appeared before the referee at either a few minutes before or just after 3 p. m.

He then stated that no witnesses for the defense were present, and again requested a continuance to enable him to produce witnesses for the defense. He also asked for a continuance on the ground that the buyer, through associate counsel, was filing a counterclaim in the Federal Court, and urged that this was a matter justifying a continuance. The referee took the matter under consideration, and, there having been no intimation that the buyer either could or would offer witnesses in its behalf if the motion were denied, on the next day notified counsel for both parties that he had denied the motion for continuance and the testimony was closed.

The buyer on the next day moved to reopen the case to enable it to introduce the testimony of such witnesses as it then had available. The referee refused this motion, decided the case ex parte, and reported to the court in favor of the seller. The buyer objected to the acceptance of the report on the ground that it was an abuse of discretion on the part of the referee to find for the seller and to deny the buyer the right to reopen the case and introduce testimony in its behalf. The presiding Justice overruled the objections and accepted the referee's report. The buyer took exceptions to this action of the presiding Justice on the same grounds set forth in the objections to the referee's report, and appealed to the Supreme Judicial Court of Maine. The Supreme Judicial Court of Maine overruled these exceptions, holding that the referee was entirely within his rights in refusing to reopen the case and allow the buyer to introduce testimony in its behalf.

On March 19, 1951, the date which had been set as the final continuance in the state action, and a day before the referee finally closed the case, the buyer filed a complaint in this Court. The complaint is, in substance, identical to the brief statement of special defense filed in the state action. Like the brief statement, the complaint sets forth a breach of warranty with respect to the lumber delivered by the seller.

The seller denies generally the allegations of the complaint, and by an amendment to its answer, approved by this Court on

December 14, 1951, the seller sets forth affirmatively the defense of res judicata.

## Discussion

The seller, in its motion for judgment on the pleadings, contends that the buyer, having chosen to set up its claim of breach of warranty as a defense in the state action, now is precluded from bringing any further action with respect to that claim; that the matters, issues, and parties of the present action are identical to those of the prior action; that the prior action was fully adjudicated and judgment rendered thereon in favor of the seller by a court of competent jurisdiction; and, therefore, said judgment is res judicata upon the respective claims between the parties hereto.

The buyer, on the other hand, contends that it has an affirmative cause of action against the seller for breach of warranty that the prior action had not been, in fact, fully adjudicated; and, that the prior judgment is not a bar to the present action, citing Bray v. Spencer, Me., 82 A.2d 794, in support of that position.

The fundamental principle of law, applicable to and controlling in the present action, is that when it appears by the pleadings, that the subject matter in controversy was directly and necessarily in issue in a prior action, a general judgment, either on a general verdict of the jury or a general award of referees, while it stands unreversed, is res judicata with respect to another action for the same cause. Blodgett v. Dow, 81 Me. 197, 16 A. 660.

In the prior action, the buyer, having been sued for payment of the balance claimed due on the purchase price of lumber, the sale of which constitutes the basis of this suit, had the right to bring a cross action for breach of warranty or plead the alleged breach by way of recoupment or set-off. It cannot do both. The buyer chose to set-off its claim as a defense to the original action by pleading the alleged breach of warranty. Thus, the alleged breach of warranty was put in issue. The buyer itself treated the case as if the alleged breach of warranty was in issue. Repeatedly, the buyer requested continuances in state court proceedings based upon its assertions that its witnesses, who were to give testimony relative to the alleged defective lumber, were not available.

The referee proceeded ex parte, in accordance with the conditions of the final continuance, and rendered a general award in favor of the seller. This final judgment necessarily included the issue of the alleged breach of warranty, which had not been withdrawn by the buyer and was not excluded by the state court. Therefore, that issue is conclusive against the buyer in this subsequent suit involving the same question, whether or not the buyer introduced evidence in support of its position. Blodgett v. Dow, supra.

The buyer cites Bray v. Spencer, Me., 82 A.2d 794, in support of its contention that the prior state judgment is not a bar to the present action. Bray v. Spencer is a real action concerning the location of a certain boundary line. The defendant in Bray v. Spencer offered the record evidence of a prior trespass action between the same parties therein, claiming an estoppel. In the trespass action herein referred to, the plaintiff received judgment in his favor. The general issue was the only pleading filed by the defendant. The only issue necessarily determined in this action was the right of possession, and the right of title was not raised in the pleadings, nor determined by the Court. The Court held that the judgment obtained by the plaintiff in the trespass action would not be a bar to the present action, because right of title was never in controversy.

Bray v. Spencer, supra, is not in point. The issue before this Court concerns res judicata; Bray v. Spencer deals with estoppel. The case itself, on page 795 of 82 A.2d, points out very clearly the distinction between the two doctrines: "In any suit at law, or in equity, a judgment by a court of competent jurisdiction in a prior action between the same parties is generally conclusive, under the doctrine of res adjudicata, as to issues tried or that might have been tried. If for a different cause of action it is conclusive by estoppel as to matters actually litigated."

934

A further distinction is that the case presently before this Court involves the same cause of action as in the prior state action; Bray v. Spencer involves a cause of action different from that of the prior related action. Also, the issues presented in Bray v. Spencer and its prior action were different, whereas the issues in the case with which this Court is now concerned were raised and finally determined in the original action filed in the state court. Therefore, in all respects, except in regard to the parties being the same, the two cases are fundamentally different.

### Conclusions of Law

Since the present action involves the identical parties, subject matter, and issues, adjudicated in the prior state court action, it is ordered, adjudged, and decreed that the defendant's motion for judgment on the pleadings be and hereby is, granted.

It is further ordered that the Clerk forthwith make an entry of judgment for the defendant, without costs.