Witham *v.* Cutts.

## WITHAM *vs.* CUTTS.

Where commissioners, appointed by the Judge of Probate to divide an estate among heirs, undertook to divide a lot of land between two of them ; and supposing it to contain one hundred acres, they assigned to one fifty five acres on the northerly part of the lot, to extend southward till the quantity should be completed ; and to the other they assigned forty five acres, being the southerly part of the lot ; but made no survey or actual location of either parcel ; and afterwards the lot was found to contain one hundred and thirty acres ;—it was held that the surplus belonged to the two assignees, in the proportion of fifty five to forty five.

THE question in this case, which was trespass *quare clausum fregit* arose upon the division of *John Dennett's* estate in the year 1660, between his son *John* and the heirs of his son *Thomas*. It was divided by commissioners appointed by the Judge of Probate, whose return was in these words—

"The committee set off to *John Dennett*, the son of the said *John Dennett* deceased, fifty five acres of land lying at the upper end of *Bonnybeag* pond, being the northerly part of a lot of land belonging to the deceased, numbered fifty six in the second checker of the division of the common land of the proprietors of *Kittery* ; and to extend in said lot southerly till fifty five acres are completed."

"Set off to the heirs of *Thomas Dennett* deceased, son of the said *John Dennett* deceased, forty five acres of land, being the southerly part of lot numbered fifty six in the second checker of the division of said commons."

At the trial of this cause upon the general issue, before the Chief Justice, it appeared that neither of these tracts was actually surveyed and located by the commissioners. The plaintiff derived his title under *Thomas Dennett's* heirs, and the defendant under *John Dennett*; and it appeared that the lot, instead of containing only one hundred acres, as the commissioners supposed, included in fact one hundred and thirty. The question now was upon the title to this surplus. The Chief Justice ruled that it belonged to each party, by a line dividing the whole lot in the proportion of forty-five to fifty-five ; and as by such a line of division, the act complained of was not done on the plaintiff's land, he directed a nonsuit, subject to the opinion of the court.

The question was briefly spoken to by *D. Goodenow* for the plaintiff, and *E. Shepley* for the defendant ; and the opinion of the Court was delivered by

MELLEN C. J. From an inspection of the record of the division of *Joshua Dennett's* estate, referred to in the report of this case, we must gather the intention of the committee who made the division. It seems clear that they considered the lot as containing 100 acres; and equally clear that they intended a division of the whole. The northerly part they assigned to *John Dennett*, and the southerly part to the heirs of *Thomas Dennett.* They have thus settled the proportion in which the assignees were to hold what was then supposed to be a lot containing one hundred acres. It is found to contain one hundred and thirty. If the fifty-five acres assigned to *John Dennett* had been actually run out and the boundaries established by monuments which could now be recognized, those boundaries would be conclusive as to the extent of such assignment. But there was no actual location of either of the tracts assigned. We must then resort to the next best evidence; which is the return of the committee, and their evident intention as disclosed by that return. By adopting this principle and rule of construction, we arrive at once at the same conclusion at which the Judge, who tried the cause, arrived ; and we fully confirm his opinion. The principles settled by this

court in the case of *Brown v. Gay 3 Greenl.* 126, are applicable in all essentials, to the case at bar. It is contended that the return describes the fifty-five acres with so much precision, that it cannot be misunderstood, or by construction extended beyond the number of acres specified; and that the forty-five acres named in the return, are not so described; but that this portion being said to be the southerly part of the lot, the assignment of it should be construed to embrace all except the fifty-five acres. Such a construction might be given, if no number of acres had been named; and perhaps the plaintiff and defendant would both be limited to the specified number of acres, had the original owner of the lot conveyed the two parcels by deed to different persons. But, as before observed, the lot was supposed, at the time of division, to contain only one hundred acres; and the commissioners evidently intended to divide the whole. And they clearly intended that the share of *John Dennett* should be less by ten acres than the share assigned to the heirs of *Thomas Dennett*; yet, on the plaintiff's construction, they would hold twenty acres more. Such a construction cannot be admitted.

If both assignees should be limited to the exact number of acres mentioned in the return, the *locus in quo* would belong to neither of the parties. But the assignment is a single transaction and must be so considered; and such a consideration leads to the result above mentioned.

Accordingly the nonsuit is confirmed and there must be judgment for the defendant.