ELMER L. HARLOW *vs.* CHESTER S. PULSIFER.

Androscoggin.    Opinion April 21, 1923.

*A person in possession of real estate under a contract of purchase has rights similar*
*to those of a tenant, and trespass quare clausum fregit will lie for wrongful inter-*
*fering with such possession, even if the interference is by the landlord.*
*The general rule that equity having once acquired jurisdiction in any*
*cause, or for any purpose, will determine all equities, is neither*
*universal, unyielding nor infallible.   An earlier judgment*
*is an estoppel only as to matters determined in previous*
*litigation.*

While a person in possession of real estate under a contract of purchase, in some
    respects and for some purposes, is not a tenant, yet his rights are similar to
    those of a tenant.

The general doctrine that, when once equity acquires jurisdiction of a cause on
    any ground, or for any purpose, it will determine all equities of the suit, is
    neither universal, unyielding nor infallible.

Where a second action between the same parties is on a different claim or
    demand, an earlier judgment is an estoppel only as to those matters which
    were determined in the previous litigation.

Trespass quare clausum fregit is appropriate in form for damages for wrong-
    fully interfering with a person's possession of realty, though the interference
    with possessory rights was by his landlord.

On exceptions.   An action of trespass quare clausum fregit to
recover damages for grass cut and removed by defendant from prem-
ises which the plaintiff had possession of under a contract of purchase.

By agreement of parties the action was heard by the court without
a jury, the single Justice finding for the plaintiff in the sum of $225
and costs, and defendant excepted to certain rulings of the court on
matters of law.    Exceptions overruled.

The case is fully stated in the opinion.

*Frank A. Morey,* for plaintiff.

*Pulsifer & Ludden,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, JJ. .

DUNN, J.   Desiring to sell a farm he owned in Minot, the defendant caused it to be offered at auction on July 2, 1920, and the plaintiff became the successful bidder.   The terms were, two hundred dollars down, the balance within seven days, unless the owner would put off the latter payment longer.   He consented to a total delay of thirty days for the deferred part.   Within that time the bidder tendered full payment and demanded a deed, but the owner refused to make the conveyance.   The refusal continued until December when there was compliance with a decree for specific performance.

After receiving the deed, the plaintiff, as the grantee of that instrument, brought this action of trespass quare clausum, alleging, so far as essential to be recited, that, "on divers days and times during the month of August," his vendor entered the afterward conveyed premises, without the plaintiff's leave, and therefrom cut and carried away the grass.

The defendant interposed a brief statement advancing, (a) that he, and not the plaintiff, had had both title and possession of the premises till the December day when the deed was given; (b) that the judgment in equity for specific performance rendered this action res adjudicata since the bill carried an allegation, which the answer denied, that the defendant's refusal to deed made it "impossible for the plaintiff to cut the grass," followed by a prayer for resultant damages.   Defendant reserved an exception to a refusal to nonsuit.

There is a general doctrine, to pass first to the second insistence, that when once equity acquires jurisdiction of a cause on any ground, or for any purpose, it will, on the same principle as that of avoiding a multiplicity of suits, draw into its consideration and determination all equities connected with the subject of the suit which the pleadings may authorize.   Pom. Eq. Jur., Sec. 181; Story's Equity, Sec. 72; 21 C. J., 134; 10 R. C. L., 374; *Traip* v. *Gould,* 15 Maine, 82; *Nash* v. *Simpson,* 78 Maine, 142, 151; *Braman* v. *Foss,* 204 Mass., 404.   This doctrine seemingly originates from the equitable jurisdiction for purposes of discovery.   Not infrequently it is stated broadly and classified as valuable by courts and commentators. But it is neither universal, unyielding, nor infallible.   It is permissive rather than peremptory.   "It is not true, by any means, that when a court of conscience has acquired cognizance for one purpose, it

thereby acquires cognizance over the entire controversy for all purposes." *Lodor* v. *McGovern*, 48 N. J., Eq., 275, 27 A. S. R., 446. The application of the rule, again to quote the New Jersey court, "rests somewhat in the discretion of the chancellor." *Shaw* v. *Beaumont Co.*, 88 N. J., Eq., 333, 2 A. L. R., 122. See too, Story's Equity, Secs. 72, 73; *Freer* v. *Davis*, 52 W. Va., 1, 59 L. R. A., 556.

In the equity suit, the judgment in which the defendant invokes, the justice who heard it went no further than to enforce specific performance. Defendant points to that which he denominates as significant in the findings, namely, to this sentence, "that plaintiff did not enter into possession of the farm." The justice so said, but his words should be read in the light that the context throws upon them, in which it can be seen that his meaning was, that the plaintiff did not enter into possession of the farm within the thirty day period. Notice this excerpt from the findings: ". . . .; that the defendant at the request of plaintiff extended the time for payment of the balance for thirty days from day of sale; that within said period of thirty days the plaintiff tendered the balance of the purchase price and requested a conveyance, which defendant refused; that plaintiff did not enter into possession of the farm."

A prior domestic judgment constitutes an absolute bar concluding the parties and those in privity with them, with regard to every matter which was advanced to sustain or defeat the claim then made, and also as to every matter belonging to the subject which, under the pleadings, might have been brought forward, of right, at that time. *Buck* v. *Collins*, 69 Maine, 445; *Fuller* v. *Eastman*, 81 Maine, 284; *Rose* v. *Parker*, 116 Maine, 52; *Maddocks* v. *Gushee*, 120 Maine, 247. But where the second action between the same parties is on a different claim or demand, the earlier judgment is an estoppel only as to those matters which were determined in the previous litigation. *Smith* v. *Brunswick*, 80 Maine, 189. The sole question between the parties to this action which was considered and decided in the equity suit between them was that of specific performance. Touching this, as we have seen, it was stated that the plaintiff did not take possession of the property during the thirty days limited for final payment. The equity suit was not concerned with trespass. Let it be marked that the bill alleged that defendant's refusal to deed the land prevented the plaintiff from cutting the grass. Concerning this there was no decision. Again, the claims, without indulging in niceties of

words, were distinct. In the suit there was an assertion that, because of a refusal to convey the land to him, the plaintiff could not harvest the grass crop. In the action, an averment that the defendant had cut and taken away the grass, and that wrongfully. Besides, "divers days and times during the month of August" must have been, in part at least, in the absence of a different showing, after the thirty day period fixed for payment. Res adjudicata was unavailing.

Finding as facts, that the defendant, without the plaintiff's consent, after the tender and succeeding the thirty days, cut and carried away the grass while the plaintiff then had that possession of the property which, without opposition, he had both taken and afterward always retained, the justice hearing the trespass action, jury waived, ruled, as a matter of law:

"A person having a valid contract for the purchase of land who has done everything on his part required to be done to entitle him to an immediate conveyance and who without opposition has entered into possession of the property may maintain an action of trespass against another who cuts and takes away the grass growing upon the property, even though the person so cutting and taking away the grass is a person having the technical legal title which he has wrongfully refused to convey."

The plaintiff was in possession. To be sure he put himself into the occupancy of the farm, but the possession was lawful in inception and continuance as the trial judge found. Failure to purchase in accordance with the contract would have imported liability to pay for occupancy—a liability arising from a promise implied in such contingency. *Patterson* v. *Stoddard,* 47 Maine, 355. But there was no failure on the plaintiff's part. Nothing remained for him to do precedently to the right to a conveyance. He was in retention of possession pending completion of the legal title. When the deed was in fact given, the previous possession merged in the executed contract, and related back to the time that control of the property was taken. Plaintiff's possession, even before the deed, was sufficient to maintain trespass against him from whom he had contracted to buy. As to this point, *White* v. *Livingston,* 10 Cush. 259, decides that one in possession of land under a bond to convey is competent to maintain trespass against another to whom the owner deeded. The ground of the conclusion being that, in effect there was a demise so long as the purchaser was not in default, and that his tenancy was

not terminated by the conveyance to the other person. *Lapham v. Norton*, 71 Maine, 83, is authority for the statement that, while in possession of land under an unimpaired contract of purchase, a person is "in a certain sense a tenant at will." Chief Justice Wiswell made the situation certain when he said: "While a person in possession of real estate under a contract of purchase, in some respects and for some purposes, is not a tenant, yet, . . . . his rights are similar to those of a tenant." *Look* v. *Norton*, 94 Maine, 547. In Georgia, *Connally* v. *Hall*, 10 S. E., 738, it was held that a vendee in possession under a bond for title might sue for the destruction of his crops, caused by vendor's overflowing the land. The court said: "It is a well-settled principle of law that one may have the title to land, and another may have the right of possession and the actual possession; and, so long as this possession continues, any interference therewith, even by the person having the title, will give him who has the right of possession and actual possession a right of action therefor." Adapting language found in *Moshier* v. *Reding*, 3 Fairf., 478, whether this plaintiff be considered as lessee or not, he was so in possession of the premises that the defendant had no right to enter upon him at the time and in the manner that he did.

Trespass quare clausum fregit is an appropriate form of action for wrongfully interfering with a person's possession of realty, though the interference with possessory rights was by his landlord. *Moshier* v. *Reding*, before cited; *Bryant* v. *Sparrow*, 62 Maine, 546. The gist of the action is the improper entry. Whatever is done afterward is but an aggravation of damages.

The exceptions are without legal merit. Therefore they are

*Overruled.*