Floyd M. **THOMPSON** and Beatrice C. Thompson

v.

**SKOWHEGAN SAVINGS BANK.**

Supreme Judicial Court of Maine.

Argued May 11, 1981.
Decided Aug. 13, 1981.

Sanborn, Moreshead, Schade & Dawson, Peter T. Dawson (orally), Augusta, for plaintiffs.

Perkins, Townsend & Shay, P. A., Warren C. Shay (orally), Skowhegan, for defendant.

Before McKUSICK, C. J., and WERNICK, NICHOLS, ROBERTS and CARTER, JJ.

CARTER, Justice.

The plaintiffs, Floyd and Beatrice Thompson, have appealed from a judgment entered in the Superior Court, Somerset County, determining that the plaintiffs' complaint had failed to state a claim upon which relief could be granted against the defendant, Skowhegan Savings Bank ("Bank"). The plaintiffs brought suit for breach of contract against the Bank by reason of the Bank's failure to protect the plaintiffs against the encumbrance by a third party of a right-of-way appurtenant to a parcel of land sold by the Bank to the plaintiffs under an installment land sale contract. We deny the appeal and affirm the judgment.

On December 22, 1976, the plaintiffs and the Bank entered into a contract obligating the Bank to convey to the plaintiffs, by warranty deed, the title to certain land in Hartland upon payment of the purchase price, potentially twenty years after the date of execution of the contract. The parcel of land fronts on Main Street in Hartland and also was accessible, at the time of the agreement, by two rights of way described in the agreement. The right-of-way relevant to the present appeal ran along the southern edge of the plaintiffs' land easterly to Warren Square. In January, 1977, the adjoining owners of land to the east of plaintiffs began making preparations to build an addition to the store on their land, which would block the right-of-way. The plaintiffs notified the Bank of the impending encroachment on their right-of-way. In March, 1977, the adjoiners constructed the addition, completely blocking the easterly

right-of-way. After November, 1977, the plaintiffs ceased making payments on the installment contract.

Although the plaintiffs apparently made several attempts to enlist the Bank's aid in dealing with the problem of the obstructed right-of-way, it was May of 1978 before the Bank brought a declaratory judgment action in its name and those of the plaintiffs against the adjoiners. In May, 1979, the plaintiffs brought the present action against the Bank for breach of the land sale agreement. The Bank answered, moved to dismiss the complaint and counterclaimed for foreclosure pursuant to 14 M.R.S.A. § 6203–F by reason of the plaintiffs' failure to make the payments required by the agreement.

After some procedural activity not relevant here, the Bank moved for summary judgment on both the plaintiffs' complaint and its own counterclaim for foreclosure. The Superior Court granted summary judgment adverse to the plaintiffs on the portion of the plaintiffs' complaint that could be construed to allege that the Bank had a duty to protect the plaintiffs against a tortious act by the adjoiners. Noting, however, that the complaint could "inferentially" be construed to allege a defect in the Bank's title, as the basis upon which the adjoining owner built the offending structure, which allegation would support the complaint against the Bank's motions, the court made the summary judgment conditional, to become final only if the plaintiffs failed to file an amended complaint, within fifteen days, clearly alleging such a defect in title. The court continued the defendant's motion for summary judgment on the counterclaim.

The plaintiffs subsequently amended their complaint to state "Said construction constitutes an encumbrance and cloud or defect in title rendering Defendant's title unmarketable." The Bank moved to dismiss the amended complaint and renewed its motions for summary judgment. The Superior Court granted the Bank's motion to dismiss, finding that the amended complaint merely alleged that the construction

in and of itself constituted a defect in title and did not identify the claim of right, if any, under which the construction was commenced. The court dismissed, without prejudice, the Bank's motion for summary judgment on its counterclaim for foreclosure.

The Superior Court subsequently amended its order to show a summary judgment in the Bank's favor on all issues in the plaintiffs' complaint and denied a further, renewed motion by the Bank for summary judgment on the counterclaim. After entry of an order pursuant to M.R.Civ.P. 54(b) specifying that there was no just reason to delay plaintiffs' appeal of the summary judgment against them, the plaintiffs have brought the present appeal. The justification for certifying the case for appeal under 54(b) is clearly apparent from the record. See Canal National Bank v. Becker, Me., 431 A.2d 71, 72 n.2 (1981); Cole v. Peterson Realty, Inc., Me., 432 A.2d 752, 756 (1981).

■■■ The Superior Court clearly was correct in finding that the plaintiffs' complaint stated no claim for relief against the Bank insofar as it alleged that the Bank had a duty to protect the plaintiffs from a tortious interference with the right-of-way. No provision in the land sale contract obligated the Bank to guard the plaintiffs against the tortious activities of third persons, and no such obligation could be inferred from the parties' relationship alone. Although the vendor of land under an installment sale contract retains legal title to the land, the vendee is treated as the equitable owner of the estate. Bailey v. Coffin, 115 Me. 495, 499, 99 A. 447, 448 (1916); Cross v. Bean, 83 Me. 61, 64, 21 A. 752 (1890). As vendees in possession, the plaintiffs had the right to bring an action against anyone tortiously interfering with their property rights, including the vendor. See Harlow v. Pulsifer, 122 Me. 472, 475–76, 120 A. 621, 623–24 (1923), see also 77 Am. Jur.2d, Vendor and Purchaser, § 362 (1975). Because it appeared from the face of the complaint that plaintiffs had alleged no duty in the Bank to prevent construction, or compel removal of a tortiously constructed obstruction of the right-of-way, the Superi-

or Court properly granted summary judgment on this portion of the complaint.

The Superior Court also correctly dismissed the plaintiffs' amended complaint. We need express no opinion regarding what circumstances, if any, would support a claim of *damages* for *breach of contract*, by reason of a defect in the vendor's title, before the time set for delivery of the deed under an installment contract for the sale of land, because the plaintiffs have failed to make the foundational allegation of the existence of any such defect. When the Superior Court afforded the plaintiffs the opportunity to amend their complaint to allege a defect in title, it stated that the plaintiffs should show "the basis upon which the adjoining owner built the offending structure." In other words, a claim for relief by the vendees before the time set for delivery of the deed could be premised only on some set of facts showing that the adjoiners had built the obstruction as a matter of right or under a claim of right such that the vendor would be unable to deliver, at the time set for performance, what he had contracted to deliver. *See Depositors Trust Co. v. Bruneau*, 144 Me. 142, 152, 66 A.2d 86, 91 (1949); *Abbott v. Fellows*, 116 Me. 173, 177, 100 A. 657, 658 (1917).

As a general rule, the vendee, under an executory contract for the sale of land, cannot complain of defects in the vendor's title before the time set for delivery of the deed. *See Depositors Trust Co. v. Bruneau, supra; Abbott v. Fellows, supra; see also* 77 Am.Jur.2d, Vendor and Purchaser, *supra* at § 241 (1975). The rule follows from the fact that the vendor cannot be said to have breached his agreement to convey marketable title until he fails to deliver a deed to land with a title clear of all encumbrances but those specified in the agreement. *See Depositors Trust Co. v. Bruneau, supra; Abbott v. Fellows, supra.*

However, the vendee may have an anticipatory remedy by way of *rescission* of the contract

> if defects or encumbrances of title are of such a character that the vendor has neither the title which he has agreed to convey nor in a practical sense any prospect of acquiring it—that is, if the vendor probably or presumably will not have the agreed title at the time set for the conveyance, the defects or encumbrances being probably or presumably not removable....

*Depositors Trust Co. v. Bruneau, supra*, 144 Me. at 152, 66 A.2d at 91, *quoting* 55 Am. Jur. 726, Sec. 283.

In the instant case, the plaintiffs have not asserted a claim for rescission. Even had that been done, the plaintiffs failed to create a factual issue as to their entitlement to the remedy of rescission. The Bank, in its motion for summary judgment, submitted an affidavit from the attorney who searched the title at the time the contract was executed and again at the time the plaintiffs ceased making payments. The affidavit revealed that the attorney had found no defects in the record title, and the plaintiffs produced nothing to rebut this sworn statement. *See* M.R.Civ.P. 56(e); *Bird v. Town of Old Orchard Beach*, Me., 426 A.2d 370, 376 (1981); *Haskell v. Planning Bd. of Town of Yarmouth*, Me., 388 A.2d 100, 102 (1978). Nor did the plaintiffs allege *any facts* showing unrecorded defects in the Bank's title, such as a claim that the right-of-way had been extinguished through abandonment or adverse possession. Rather, the plaintiffs merely relied on a conclusory allegation that the Bank's title was encumbered by the fact of construction, an allegation clearly insufficient to comply with the prior order of the Court.

In failing to allege any defects either of record or which were unrecorded in the Bank's title, the plaintiffs did not set forth any factual circumstances under which the Bank would probably or presumably be unable to convey, at the time set for delivery of the deed, what it had agreed to convey. Moreover, the Bank alleged, as an affirmative defense in its answer to the plaintiffs' complaint, that it had brought a civil action against the adjoiners in order to establish its own and the plaintiffs' rights vis-a-vis the adjoiners. The pleading, ap-

propriately considered by the court with respect to the Bank's motion for summary judgment, *see* M.R.Civ.P. 56(a), (b) and (c), showed that the Bank had, in fact, taken steps to insure that no unrecorded defects would prevent it from conveying clear title at the time set for performance.

Thus, the Superior Court committed no error in determining that the plaintiffs had advanced no claim upon which the requested relief could be granted, and it properly entered judgment for the defendant Bank.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.