## FORESIDE COMMON DEVELOPMENT CORPORATION

### v.

### William R. BLEISCH et al.

Supreme Judicial Court of Maine.

Argued June 15, 1983.

Decided Aug. 4, 1983.

Bernstein, Shur, Sawyer & Nelson, Andrew J. Bernstein (orally), Portland, for plaintiff.

Preti, Flaherty & Beliveau, Daniel Rapaport (orally), Portland, for defendants.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

In this action arising out of the breach of a contract for the purchase and sale of a condominium unit the sole issue is the permissible reach of the Maine long-arm statute, 14 M.R.S.A. § 704–A.

In the summer of 1980 the Defendants, William and Irene Bleisch, both residents of Michigan, were vacationing in the State of Maine. On August 10, 1980, they looked at condominium units which the Plaintiff, Foreside Common Development Corporation, was offering for sale in Falmouth. They met with Howard Goldenfarb, a representative of the Plaintiff, who provided them with information concerning the condominium units.

■ Returning to Michigan, the Defendants remained in communication with Goldenfarb via telephone and mail. They orally agreed to purchase a condominium unit from the Plaintiff.[1] They then received in the mail from Goldenfarb two copies of a purchase and sale agreement. After further negotiation the Defendants signed the purchase and sale agreement and returned both copies to the Plaintiff. Early in November, 1980, the Plaintiff executed the agreement in Maine and returned one copy to the Defendants. The closing was scheduled for December 30, 1980, in Maine.

The Defendants opened a savings account with Casco Bank & Trust in Portland. They also discussed with the Plaintiff various fixtures, appliances and paints they wished installed and applied in the condominium unit.

The Defendants then decided that they could not go through with the purchase. On December 12, 1980, Defendant William Bleisch flew from Michigan to Portland. He withdrew his funds from Casco Bank & Trust, and returned to Michigan the same day. On December 23 the Defendants notified the Plaintiff that they were not going to purchase the condominium unit.

Thereupon the Plaintiff filed a complaint in Superior Court (Cumberland County), seeking damages for breach of contract. The Defendants moved to dismiss for want of personal jurisdiction. After a hearing the Superior Court granted this motion and

---

1. As this is an appeal from an order of the Superior Court granting the Defendants' motion to dismiss, we consider the facts in the light most favorable to the Plaintiff. *See* *McNally v. Town of Freeport,* 414 A.2d 904, 905 (Me.1980); *Bramson v. Chester L. Jordan & Co.,* 379 A.2d 730, 732 (Me.1977).

dismissed the Plaintiff's complaint.[2] The Plaintiff appealed to this Court. We sustain the appeal.

■ Under the Maine long-arm statute, 14 M.R.S.A. § 704–A, the statutory reach of our courts is made coextensive with the exercise of personal jurisdiction which is permissible under the due process clause of the federal constitution. *Tyson v. Whitaker,* 407 A.2d 1, 3 (Me.1979).[3] Thus, in this case involving the assertion of jurisdiction over a nonresident defendant, the single question to be resolved is whether due process requirements are satisfied.

In *Tyson v. Whitaker* we framed a three-prong test for determining whether due process permits the exercise of personal jurisdiction over a nonresident defendant: (1) does the forum state have a legitimate interest in the subject matter of the action; (2) should the defendant by his conduct reasonably have anticipated litigation in the forum state; and (3) would the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice?"

Subsequent to our decision in *Tyson,* the United States Supreme Court decided *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Stopping short of articulating a comprehensive test for the constitutional exercise of personal jurisdiction, the Court nevertheless made clear in *World-Wide Volkswagen* that a nonresident defendant's purposeful availment of the privilege of conducting activities in the forum state would be critical in determining whether jurisdiction could be exercised. 444 U.S. at 297, 100 S.Ct. at 567. Implicit in that opinion is the central idea that a defendant should be able to reasonably anticipate from his past conduct where he will be liable to suit. Only through purposeful availment of a forum state's benefits does a defendant have reasonable notice consonant with due process that he is subject to the forum's jurisdiction.

■ Reviewing the record in the present case in light of the principles of *Volkswagen* and *Tyson,* it is clear that the contacts between these Defendants and the State of Maine were sufficient for purposes of due process. The Defendants purposefully availed themselves of the benefits of conducting activities within the State by traveling to Maine, by negotiating and entering a purchase and sale agreement for real estate located in Maine, by scheduling the closing in Maine, by opening a bank account in Maine and by travelling to Maine again to close that bank account. Furthermore, by virtue of the purchase and sale agreement the Defendants had equitable title in the condominium unit, an interest protected by Maine law. *Thompson v. Skowhegan Savings Bank,* 433 A.2d 434, 436 (Me.1981).

In sum, it is fair to conclude that the Defendants' "conduct and connection with the forum State are such that [they] should reasonably anticipate being haled into court there." *World-Wide Volkswagen,* 444 U.S. at 297, 100 S.Ct. at 567. In their business dealings the Defendants took deliberate advantage of the protections of the State of Maine. "[F]air play and substantial justice" mandate a like amenability to an action regarding these dealings in the Maine courts. *See Tyson,* 407 A.2d at 4.[4]

2. The court entered the following order:

Motion to dismiss for lack of personal jurisdiction granted. Contacts in State of Maine do not appear sufficient to permit in personam jurisdiction. Complaint of Plaintiff dismissed.

3. Pursuant to the long-arm statute, the courts of this state may exercise jurisdiction over any nonresident defendant who:

Maintain[s] any other relation to the state or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States.

14 M.R.S.A. § 704–A(2)(I) (1980).

4. We note that the first prong of *Tyson*—the forum's interest in the subject matter of the litigation—is also satisfied here. Although the weight to be accorded this factor is somewhat unclear in light of *World-Wide Volkswagen,* the breach of a contract for the purchase and sale of Maine realty is a subject of unique interest to the Maine courts.

Therefore, we conclude that the Superior Court erred in dismissing the Plaintiff's complaint.

The entry is:

Appeal sustained.

Order of dismissal reversed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.