### Sheldon HEWITT

v.

### ARROW FARMS, INC.

Supreme Judicial Court of Maine.

Argued June 1, 1987.
Decided July 7, 1987.

David Edgar (orally), Houlton, for plaintiff.

Richard N. Solman (orally), Solman, Page & Hunter, P.A., Caribou, for defendant.

Before McKUSICK, C.J., NICHOLS, ROBERTS,* WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ., and ARCHIBALD and VIOLETTE, A.R.JJ.

SCOLNIK, Justice.

Sheldon Hewitt, a truck driver from Littleton, Maine, sustained personal injuries while unloading a shipment of potatoes that he had picked up in Monticello, Maine, and had delivered to the Chelsea, Massachusetts warehouse of Arrow Farms Inc., a Massachusetts corporation. The Superior Court (Aroostook County) dismissed his action seeking damages from the corporation on the ground that the court lacked personal jurisdiction over the defendant. The sole issue on appeal is whether the assertion of jurisdiction over the corporation comports with the due process requirements of the United States Constitution. We answer that question in the affirmative, and accordingly vacate the judgment of the Superior Court.

 We conclude that the defendant is amenable to suit in this state pursuant to either Maine's long arm statute or Maine's doing business statute. Under the Maine long arm statute, 14 M.R.S.A. § 704-A (1980), "the jurisdictional reach of Maine courts is coextensive with the permissible exercise of personal jurisdiction under the due process clause of the federal constitution." *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036 (Me.1986). The assertion of jurisdiction in this case does not offend the due process clause. In determining whether due process permits the exercise of personal jurisdiction over a nonresident defendant, we apply the three-prong test that we outlined in *Tyson v.*

* Roberts, J., sat at oral argument and participated in the initial conference, but did not participate in the final decision.

*Whitaker & Son, Inc.*, 407 A.2d 1, 4 (Me. 1979) and *Foreside Common Development Corp. v. Bleisch*, 463 A.2d 767, 769 (Me. 1983). Under that analysis, we first conclude that Maine has a legitimate interest in providing Hewitt, a Maine resident, a means of redress against nonresidents, and in ensuring the safety of Maine workers engaged in the potato business, a principal industry in Maine's economy. *See Harriman*, 518 A.2d at 1037. Second, Arrow Farms, Inc., which by its own admission has been doing business in Maine, reasonably should have anticipated litigation in this state and cannot be said to be unfairly surprised by being haled into Maine courts. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Finally, subjecting Arrow Farms, Inc. to the jurisdiction of Maine courts is consistent with the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). Although the defendant denies having maintained any records of its transactions within the State of Maine, it nonetheless conceded in both pleadings and oral argument that it transacted business in this state at the time of, and for several years before, the date of injury. Where, as here, the defendant has maintained systematic and continuous contacts with Maine, the accident giving rise to the present cause of action occurred in connection with the defendant's forum-related activity, and no showing has been made that the defendant would be inconvenienced by being required to appear and defend in Maine, the assertion of jurisdiction in this case comports with the requirements of due process. *See Harriman*, 518 A.2d at 1038–39; *see generally Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–478, 105 S.Ct. 2174, 2181–85, 85 L.Ed.2d 528 (1985).

 Similarly, Maine's doing business statute, 13–A M.R.S.A. § 1213 (1981), is to be applied so as to permit the assertion of jurisdiction to the fullest extent allowable under the limits of the due process clause. *See Labbe v. Nissen Corporation*, 404 A.2d 564, 569 (Me.1979). We conclude that

the defendant's contacts with this state, namely, the systematic and continuous transaction of business in Maine, are sufficient to permit the assertion of jurisdiction over the nonresident defendant under Maine's doing business statute consistent with the requirements of due process.

The entry is:

Judgment of dismissal vacated.

All concurring.