James A. CHRISTIANSEN, Jr.

v.

ELWIN G. SMITH, INC.

Supreme Judicial Court of Maine.

Argued Sept. 26, 1991.
Decided Oct. 24, 1991.

James Case, Thomas R. Watson, (orally) McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

James M. Bowie, Elizabeth G. Knox, (orally) Thompson & Bowie, Portland, for employer.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

GLASSMAN, Justice.

Challenging the subject matter and personal jurisdiction of the Workers' Compensation Commission, Elwin G. Smith, Inc. appeals from a decision of the Appellate Division affirming the Commission's award of compensation to Smith's employee, James A. Christiansen, Jr., for his work-related injuries sustained in New York. We affirm the decision of the Appellate Division.

The employer, a Delaware corporation with its principal place of business in Pennsylvania, is registered to do business in the State of Maine. It hired the employee, a Maine resident, to work on a construction project in Valhalla, New York, in October of 1986. The parties negotiated the employment contract by telephone with the understanding that Christiansen would have to be cleared through the local union hall in New York City before reporting to work in Valhalla. The employee was permanently disabled by an injury suffered at the Valhalla job site on December 29, 1986. He sought and obtained an award of benefits under the New York workers' compensation system. On July 24, 1987, the employee filed a petition for a supplemental award of compensation with the Commission in Maine.

■ Smith does not dispute that Christiansen was a permanent resident of Maine at the time he was injured. The law is well established that the Maine residency of an employee, by itself, is sufficient to confer subject matter jurisdiction on the Commission over claims for work-related injuries received by the employee out of state. *LeBlanc v. United Eng. & Constructors*, 584 A.2d 675, 677 (Me.1991); *Dissell v. Trans World Airlines*, 511 A.2d 441, 444 (Me. 1986). The Commission properly asserted subject matter jurisdiction over the present claim.

■ The Maine long-arm statute, 14 M.R.S.A. § 704–A, makes the statutory reach of the Commission coextensive with the exercise of personal jurisdiction that is permissible under the due process clause of the federal constitution. *Foreside Common Develop. Corp. v. Bleisch*, 463 A.2d 767, 769 (Me.1983).[1] Due process requires that three questions be answered affirmatively:

(1) does the forum state have a legitimate interest in the subject matter of the action; (2) should the defendant by his conduct reasonably have anticipated litigation in the forum state; and (3) would the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice?"

*Caluri v. Typkema*, 570 A.2d 830, 831 (Me. 1990) (*quoting Foreside Common Develop. Corp. v. Bleisch*, 463 A.2d at 769).

We have previously stated that "Maine has a 'legitimate and substantial interest' in ensuring that the burden of its residents' [work-related] injuries falls upon their employer rather than upon their communities." *LeBlanc v. United Eng. & Constructors*, 584 A.2d at 678 (*quoting Dissell v. Trans World Airlines*, 511 A.2d at 444). Here, the employee, like the employees in *LeBlanc* and *Dissell*, was a resident of Maine years before his injury; it was his residence at the time of his injury and continues to be so. The employee has received, and continues to receive, his medical treatment in Maine. Accordingly, Maine has a sufficient state interest in the subject matter of the present proceedings.

1. The long-arm statute permits the courts of this state to exercise personal jurisdiction over any nonresident defendant who "[m]aintain[s] any other relation to the State or to persons or property which affords a basis for the exercise of jurisdiction by the courts of this State consistent with the Constitution of the United States." 14 M.R.S.A. § 704–A(2)(I) (1980).

Due process also demands that a foreign "corporation have sufficient contacts with [the forum] State to 'make it reasonable ... to require the corporation to defend the particular suit which is brought there.'" *Harriman v. Demoulas Supermarkets, Inc,* 518 A.2d 1035, 1037 (Me. 1986) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)). The requisite minimum contacts are present when "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Harriman v. Demoulas Supermarkets, Inc.,* 518 A.2d at 1037 (*quoting Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283, 1298 (1958)). Purposeful availment occurs when the activities of the defendant have been purposefully directed at the forum's residents, or if the defendant engages in significant activities in the forum or the defendant *creates continuing obligations between itself and residents of the forum.* *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473–75, 105 S.Ct. 2174, 2182–84, 85 L.Ed.2d 528, 541–43 (1985) (emphasis added); *Harriman v. Demoulas Supermarkets, Inc.,* 518 A.2d at 1037.

Christiansen resided in Maine when he was first recruited by Smith. Although the continuing relationship consisted of distinct and independent projects for which the employee was specifically hired, he worked primarily for Smith during sixteen of the twenty-five years he was employed as an ironworker. He was always hired directly by the employer, never through the union hall. Smith treated him like a "company man." The employee always maintained a permanent residence in Maine to which he returned between jobs and, while working, on weekends when distances permitted. The series of employment contracts between the parties was not the result of solely unilateral action by the employee. *Cf. Helicopteros Nacionales de Columbia S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404, 412–13 (1984) (checks drawn on a forum bank by the plaintiff and cashed by the foreign defendant corporation held to be unilateral activity by the plaintiff insufficient to support the exercise of personal jurisdiction). By reason of continuing contacts between Smith and Christiansen, the employer should reasonably have anticipated the present claim in Maine.

Inquiry into whether the exercise of personal jurisdiction comports with "our traditional conception of fair play and substantial justice," *International Shoe Co. v. Washington,* 326 U.S. at 320, 66 S.Ct. at 160, 90 L.Ed. at 104, requires consideration of "a variety of factors including the nature and purpose of defendant's contacts with the forum state, the connection between the contacts and the cause of action, the number of contacts, the interest of the forum state in the controversy, and the convenience and fairness to both parties." *Labbe v. Nissen Corp.,* 404 A.2d 564, 570 (Me.1979). The employee's injury occurred in the context of employment that arose from repetitive contacts between the employee and employer. Maine has a legitimate interest in protecting an injured worker's community against the burden of his support. Christiansen's inconvenience in dealing with the New York workers' compensation system while living and receiving medical treatment in Maine outweighs the burden imposed by requiring the employer corporation, registered to do business in this state and whose operations are national in scope, to defend against a claim for workers' compensation benefits in Maine.

Accordingly, Maine has a legitimate interest in this claim for benefits under the Workers' Compensation Act. Smith should reasonably have anticipated litigation in this state. The exercise of personal jurisdiction over Smith by the Workers' Compensation Commission comports with notions of fair play and substantial justice. The demands of due process have been met. The Commission properly exercised subject matter and personal jurisdiction

over this proceeding in making its award of benefits to Christiansen.

The entry is:

Decision of the Appellate Division affirmed.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $750, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.